TRANSPAC DRILLING VENTURE 1982-22, PRITPAL S. PURI, JOSEPH BOLOGNA, SEYMOUR M. SLATER, LEON PEARCE, EDWARD EDELMAN, RAMKUMAR AGRAWAL, PHILIP PEARLSTEIN, CHRISTOPHER F. KENDALL, AND MELBA L. HARVEY, JR., PARTNERS OTHER THAN THE TAX MATTERS PARTNER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29180-86.     Filed October 28, 1986.

*Michael I. Saltzman,* for the petitioners.
*Robert J. Percy,* for the respondent.

## OPINION

WILLIAMS, *Judge:* This case is before the Court on respondent's motion to dismiss duplicate petition pursuant to Rule 53, Tax Court Rules of Practice and Procedure.

The Commissioner determined adjustments to the Federal partnership return of Transpac Drilling Venture 1982-22 as set forth in his notice of final partnership administrative adjustment issued on April 14, 1986. The issue this Court must decide is whether the petition for readjustment of partnership items, filed by the notice partners in this case pursuant to section 6226(b),[1] was effective to commence a partnership action.

Respondent sent to the tax matters partner and to the notice partners of Transpac Drilling Venture 1982-22, including all petitioners herein, the notice of final partnership administrative adjustment on April 14, 1986. No petition for readjustment of partnership items has been filed by the tax matters partner.

Petitioners, who are notice partners within the meaning of section 6231(a)(8), filed a petition for readjustment of partnership items of Transpac Drilling Venture 1982-22 on July 14, 1986, docket No. 28322-86. Petitioners also filed a petition in this case, identical to that in docket No. 28322-86, on July 15, 1986.

Respondent argues that the petition in docket No. 28322-86 was proper pursuant to section 6226(b), and that therefore the petition in this case must be dismissed as a duplicate of the petition in docket No. 28322-86. We disagree.

Section 6226 provides in relevant part:

(a) PETITION BY TAX MATTERS PARTNER.—Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with—
   (1) the Tax Court, * * *
(b) PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER.—

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, unless otherwise indicated.

(1) In general.—If the tax matters partner does not file a readjustment petition under subsection. (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days *after the close of the 90-day period set forth in subsection (a),* file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a). * * * [Emphasis added.]

The notice of final partnership administrative adjustment for Transpac Drilling Venture 1982-22 was mailed on April 14, 1986. Pursuant to section 6226(a), the tax matters partner had 90 days from that date to file a petition for readjustment of partnership items. The last of the 90 days was July 13, 1986, a Sunday. Consequently, the 90-day period of section 6226(a) did not close until the close of business, Monday, July 14, 1986. Sec. 7503.

Section 6226(b) permits partners other than the tax matters partner to file a petition for readjustment of partnership items only after the "close of the 90-day period" in which the tax matters partner may file such petition. Sec. 6226(b); see H. Rept. 97-760, at 603 (Conf. 1982), 1982-2 C.B. 600, 665. Since the 90-day period of section 6226(a) included July 14, 1986, the petition filed by the notice partners on July 14, 1986, docket No. 28322-86, was ineffective to commence a partnership action. See Rule 240(c)(1)(ii), Tax Court Rules of Practice and Procedure. Therefore, the petition in this case, filed on July 15, 1986, was not a duplicate petition but was the petition which commenced the partnership action of Transpac Drilling Venture 1982-22.

Accordingly,

*An appropriate order will be issued.*