COMPUTER PROGRAMS LAMBDA, LTD., WILLIAM A. PYKE, TAX MATTERS PARTNER, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 20653-86, 32952-86, Filed July 27, 1987. 33223-86.

[1] Cases of the following petitioners were consolidated for hearing, respondent's motions to dismiss, and for findings of fact and opinion: Computer Programs Lambda, Ltd., William C. Mitchell and W.P. Builders, Inc., f.k.a. American Applications, Inc., Partners Other Than the Tax Matters Partner, docket No. 32952-86; Computer Programs Lambda, Ltd., James C. Bearden, a Partner Other Than the Tax Matters Partner, docket No. 33223-86.

William A. Pyke, pro se in docket No. 20653-86.

William C. Mitchell and William A. Pyke, President, W.P. Builders, Inc., f.k.a. American Applications, Inc., pro se in docket No. 32952-86.

*Gilbert Aranza*, for the petitioner in docket No. 33223-86.

*Alvin A. Ohm, R. Alan Lockyear*, and *Henry S. Schneiderman*, for the respondent.

OPINION

WILLIAMS, *Judge*:* These cases are before us on respondent's motions to dismiss. The Commissioner determined adjustments to Computer Programs Lambda, Ltd.'s (CPL) partnership return for its 1982 taxable year as set forth in his notice of final partnership administrative adjustment issued on March 11, 1986.

Respondent moved to dismiss the case at docket No. 20653-86 on the ground that it was commenced by an improper party and that an amended petition filed by Pyke International, Inc. (PII), as a substituted petitioner was void because PII was then a debtor in a bankruptcy proceeding.

Respondent moved to dismiss as to petitioner W.P. Builders, Inc. (W.P. Builders), in docket No. 32952-86 because W.P. Builders was a debtor in a bankruptcy proceeding at the time it filed a petition. Respondent does not object to the case going forward as to petitioner William C. Mitchell.

Respondent moved to dismiss the case at docket No. 33223-86 pursuant to section 6226(b)(4)[2] or section 6226(b)(1) on the ground that a valid petition (by William C. Mitchell at docket No. 32952-86) had previously been filed.

Petitioners have not objected to respondent's proposed findings of fact which are supported by the record.

CPL is a limited partnership organized under the laws of the State of Texas with its principal place of business at Dallas, Texas. PII is a general partner of CPL, and W.P. Builders, William C. Mitchell, and James C. Bearden are limited partners of CPL.

PII was the tax matters partner of CPL at the time William A. Pyke filed his petition at docket No. 20653-86. Pyke, president of PII, has never been a partner of CPL. W.P. Builders, a notice partner of CPL, is an alter ego of PII.[3] Mitchell and Bearden are notice partners of CPL. At the time the petitions in these cases were filed, CPL, PII,

---

*By order of the Chief Judge, this case was assigned to Judge Williams for trial or other disposition.

[2] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

[3] In PII's Statement of Financial Affairs filed in the bankruptcy proceeding in the Northern District of Texas, W.P. Builders is identified as a division of PII. The bankruptcy petition was styled "Pyke International, Inc., f/k/a Pyke Professional Building Corp., d/b/a W.P. Builders"

and W.P. Builders had their principal places of business in, and Pyke, Mitchell, and Bearden resided in, Texas.

On March 11, 1986, respondent issued a notice of final partnership administrative adjustment to PII as tax matters partner of CPL for CPL's 1982 taxable year. On April 11, 1986, respondent mailed copies of the notice of final partnership administrative adjustment to the notice partners of CPL. On June 13, 1986, Pyke filed a petition with this Court putting at issue the partnership items of CPL and styling himself tax matters partner.[4] On June 17, 1986, PII filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas, case number 386-32037. W.P. Builders was also named as a debtor in the bankruptcy proceeding as a division of PII.

On August 7, 1986, Pyke, as president of PII, filed a document entitled "First Amended Petition," purporting to change the caption of the petition to "Computer Programs Lambda, Ltd., Pyke International, Inc., Tax Matters Partner."

On August 11, 1986, petitioners W.P. Builders and William C. Mitchell timely filed a petition as notice partners of CPL. On August 12, 1986, James C. Bearden timely filed a notice partner petition.[5]

Respondent filed his motions to dismiss on January 15, 1987. A hearing was held on respondent's motions on March 16, 1987, at Washington, D.C. There were no appearances on behalf of petitioners.

The primary issue we must decide is one of first impression concerning the effect of the automatic stay provision of the Bankruptcy Code (11 U.S.C. sec. 362(a)(8) (1982)),[6] on a case brought or pending pursuant to the

---

[4]The 90-day period for filing a petition as tax matters partner expired on June 9, 1986. Respondent concedes, however, that the petition was deemed to be timely filed pursuant to sec. 7502 on June 9, 1986.

[5]The 60-day period following the 90-day period during which a notice partner may file a petition with this Court expired on Aug. 9, 1986. See sec. 6226(b). The petitions were deemed to be timely filed on Aug. 7, 1986, and Aug. 8, 1986. Sec. 7502.

[6]11 U.S.C. sec. 362(a)(8) (1982), provides in relevant part:

Sec. 362. Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of—

\* \* \* \* \* \* \*

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

partnership audit and litigation procedures, section 6221 et seq. In general, this section of the Bankruptcy Code, by operation of law, stays the commencement or continuation of a proceeding in this Court brought by the debtor upon the filing of a bankruptcy petition. Unless the stay is lifted, a debtor in bankruptcy, therefore, may not commence or continue an action in this Court while the bankruptcy proceeding is pending. *Thompson v. Commissioner*, 84 T.C. 645 (1985); *McClamma v. Commissioner*, 76 T.C. 754 (1981).

Pyke filed a petition with this Court as the tax matters partner of CPL on June 13, 1986. Pyke, however, was not the tax matters partner nor even a partner of CPL. His petition, therefore, did not commence a partnership action.

On August 7, 1986, an amended petition purporting to substitute PII for Pyke as petitioner was filed. PII was the tax matters partner of CPL when Pyke filed his petition. On June 17, 1986, however, PII had filed for bankruptcy protection under chapter 11 of the Bankruptcy Code. Once PII filed a petition in bankruptcy, it was barred from commencing an action in this Court until the bankruptcy proceeding was completed or the stay was lifted. 11 U.S.C. sec. 362(a)(8) (1982); *Thompson v. Commissioner, supra*; *McClamma v. Commissioner, supra*. The amended petition, therefore, was a legal nullity and, like the original petition, did not commence a partnership action.[7]

W.P. Builders, together with William C. Mitchell, filed a timely notice partner petition with this Court on August 11, 1986. W.P. Builders, however, is a named debtor on the bankruptcy petition that PII filed on June 17, 1986. As of that date, W.P. Builders could not commence an action in this Court until the stay was lifted or the bankruptcy proceeding was completed. A partnership proceeding involving the adjustments to CPL's 1982 taxable year nevertheless remains before the Court because William C. Mitchell filed a

---

[7]We note that if a petition is timely brought, an amended petition may constitute a ratification relating back to the time the petition was filed. Rule 60(a). Whether we will permit amendment or ratification of a defective petition, however, is entirely discretionary. See *Carstenson v. Commissioner*, 57 T.C. 542, 546 (1972). We cannot do so in this case because the so-called amended petition was filed in violation of the stay provision of the Bankruptcy Code. Moreover, even if we were to permit ratification in this case, the filing of the petition in bankruptcy would preclude the continuation of the partnership proceeding as to PII because, as discussed *infra*, PII would cease to be (1) the tax matters partner of CPL, (2) a notice partner eligible to file a petition, and (3) a party to this action. Sec. 6226(d)(2); sec. 301.6231(a)(7)-1T(l)(4), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987).

timely notice partner petition at docket No. 32952-86. We, therefore, must decide what rights PII and W.P. Builders will have in that proceeding and what effect the automatic stay provision may have on our ability to go forward with that proceeding.

Section 6231(c)[8] provides that in certain special enforcement areas the Secretary may provide by regulations for the conversion of a partner's partnership items into nonpartnership items. The effect of this conversion is to remove the partner from the partnership proceeding and subject the converted items to the deficiency procedures applicable to the partner's individual tax case. Compare *Maxwell v. Commissioner*, 87 T.C. 783, 787 (1986). The Secretary has promulgated regulations pursuant to section 6231(c) applicable to the circumstances of this case. Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), provides:

(a) *Bankruptcy.* The treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner with respect to which the United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy.

---

[8]Sec. 6231(c) provides:

SEC. 6231(c). REGULATIONS WITH RESPECT TO CERTAIN SPECIAL ENFORCEMENT AREAS.—

(1) APPLICABILITY OF SUBSECTION.—This subsection applies in the case of—

(A) assessments under section 6851 (relating to termination assessments of income tax) or section 6861 (relating to jeopardy assessments of income, estate, gift, and certain excise taxes),

(B) criminal investigations,

(C) indirect methods of proof of income,

(D) foreign partnerships, and

(E) other areas that the Secretary determines by regulation to present special enforcement considerations.

(2) ITEMS MAY BE TREATED AS NONPARTNERSHIP ITEMS.—To the extent that the Secretary determines and provides by regulations that to treat items as partnership items will interfere with the effective and efficient enforcement of this title in any case described in paragraph (1), such items shall be treated as non-partnership items for purposes of this subchapter.

(3) SPECIAL RULES.—The Secretary may prescribe by regulation such special rules as the Secretary determines to be necessary to achieve the purposes of this subchapter in any case described in paragraph (1).

The Secretary's determination that bankruptcy presents a special enforcement area is manifestly reasonable because once a debtor files for bankruptcy protection, the automatic stay prevents us from taking any action, including entering an order of dismissal, in any case concerning the debtor. See 11 U.S.C. sec. 362(a)(8) (1982). Freezing the progress of the partnership litigation would prevent us from determining the remaining partners' income tax liability, even though they would not be affected by the outcome of the bankruptcy proceeding.

Regulations under the special enforcement provisions of section 6231(c) have the effect of severing debtors in bankruptcy, in this case PII and W.P. Builders, from having any interest in the partnership action. As of June 17, 1986, when PII filed its bankruptcy petition, PII's and W.P. Builders' partnership items became nonpartnership items pursuant to section 6231(c) and section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987). As a result, PII and W.P. Builders ceased to have an interest in the outcome of the proceeding. Sec. 6226(d)(1)(A). Consequently, W.P. Builders, as a notice partner, can no longer participate in the proceeding. Sec. 6226(d)(1)(A). W.P. Builders' income tax liability thus will be exclusively the subject matter of the bankruptcy court and will be unaffected by the outcome of the partnership litigation before us.

Although PII no longer has an interest in the outcome of the proceeding in its individual capacity, if it were to remain the tax matters partner of CPL, it would have the right to intervene. The tax matters partner's status is of critical importance to the proper functioning of the partnership audit and litigation procedures, and the statute recognizes this status by permitting intervention in the proceeding even if the tax matters partner is not a party to the proceeding. Although a notice partner will be treated as a party only if he has an interest in the outcome of the proceeding (sec. 6226(d)(1)), there is no comparable restriction on a tax matters partner's right either to file a petition or to intervene in a notice partner's action. A tax matters partner's statutory right to file a petition or to intervene in a notice partner's action arises out of his status as a tax

matters partner and not out of his personal tax stake in the outcome of the proceeding. Sec. 6226(a); sec. 6226(b)(5). Section 6226(d) does not limit either right.

The tax matters partner is the central figure of partnership proceedings. During both administrative proceedings and litigation, the tax matters partner serves as the focal point for service of all notices, documents, and orders on the partnership. The statutorily determined time periods for respondent to notify the other partners of the status of the administrative proceeding at the partnership level (sec. 6223(d)), for a partner to file a petition for judicial review (sec. 6226), or for the partnership to request an administrative adjustment (sec. 6227) are determined with reference to the tax matters partner. The tax matters partner is the only partner who may file a petition for judicial review if an administrative adjustment is not allowed in full (sec. 6228), and the only partner who may file a petition for judicial review within the first 90 days after respondent issues a notice of final partnership administrative adjustment to him. Sec. 6226(a); *Transpac Drilling Venture 1982-22 v. Commissioner*, 87 T.C. 874 (1986). The tax matters partner must also perform important functions within the partnership. He is required to keep all partners informed of the status of administrative and judicial proceedings involving the partnership. Sec. 6223(g). Moreover, the tax matters partner may, under some circumstances, bind partners who are not notice partners by entering into a settlement agreement with respondent. Sec. 6224(c)(3).

In the execution of these responsibilities, a tax matters partner acts as a fiduciary. His personal interest, if any, is beside the point. The precision of section 6231(a)(7)(B) in setting the procedure for identifying a tax matters partner when the partnership has not done so demonstrates the importance Congress gave to the role of the tax matters partner in partnership proceedings. The detailed statutory procedures for partnership level audits and litigation contemplate the continual presence of one tax matters partner, and the procedures cannot operate unless the tax matters partner is capable of acting on the partnership's behalf regardless of his personal tax posture. As the fiduciary of the partnership's interest in the proceeding, the tax matters

partner's initiative (or failure to take initiative) is plainly designed to affect the rights of all partners in the partnership.

If the tax matters partner were prohibited from acting in that capacity because he was a debtor in a bankruptcy proceeding, the partnership proceeding could not go forward as to any of the partners. Partners that would be unaffected by the outcome of the bankruptcy proceeding would nonetheless have to wait until the bankruptcy proceeding was completed or the stay lifted before they could have their rights adjudicated. The Secretary, cognizant of the pivotal role of the tax matters partner and the problems that would result if the automatic stay were in effect, has correctly provided by regulations for the termination of a partner's designation as tax matters partner upon the filing of a bankruptcy petition.

A partner's designation as tax matters partner terminates as of the date its partnership items become nonpartnership items under section 6231(c). Sec. 301.6231(a)(7)-1T(1)(4), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987). PII's partnership items became nonpartnership items as of June 17, 1986, the date it filed for bankruptcy protection. Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs. As of that date, PII ceased to be the tax matters partner of CPL. The automatic stay provision thus does not prevent the partnership proceeding from going forward.[9]

On August 12, 1986, petitioner James C. Bearden timely filed a petition with this Court as a notice partner of CPL. Petitioner William C. Mitchell, however, had already timely filed a petition for readjustment of partnership items with respect to the same notice of final partnership administrative adjustment on August 11, 1986. Respondent moved to dismiss the Bearden petition as duplicative of the previously filed notice partner petition pursuant to section 6226(b)(4) or, alternatively, section 6226(b)(1).[10] Petitioner

---

[9]The Court expects the partners of CPL to appoint a substitute tax matters partner within 60 days after this opinion is filed. If the partners fail to do so, the Court will take steps to appoint a partner to serve as tax matters partner in this proceeding after appropriate notice and hearing.

[10]Sec. 6226(b) provides in relevant part:

SEC. 6626(b). PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER.—

Bearden does not object to the dismissal of his petition provided that he is permitted to participate in the partnership action that goes forward. He requests that we either treat his petition as an election to participate in the partnership action or allow him to file an election to participate out of time pursuant to Rule 244(c), Tax Court Rules of Practice and Procedure. We will not treat Bearden's petition as an election, but we will grant him leave to file an election out of time to participate in the partnership action brought by William C. Mitchell.

We, therefore, grant respondent's motions to dismiss in docket No. 20653-86 and docket No. 33223-86. We also grant respondent's motion to dismiss as to petitioner W.P. Builders in docket No. 32952-86. The case remains before the Court, however, because William C. Mitchell properly filed a notice partner petition in docket No. 32952-86. To reflect the foregoing,

*Appropriate orders will be entered.*

---

(1) IN GENERAL.—If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).

(2) PRIORITY OF THE TAX COURT ACTION.—If more than 1 action is brought under paragraph (1) with respect to any partnership for any partnership taxable year, the first such action brought in the Tax Court shall go forward.

\*     \*     \*     \*     \*     \*     \*

(4) DISMISSAL OF OTHER ACTIONS.—If an action is brought under paragraph (1) in addition to the action which goes forward under paragraph (2) or (3), such action shall be dismissed.