PAE ENTERPRISES, PATRICK MORETTI, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
PAE Enterprises v. Commissioner
Docket No. 21636-87.
United States Tax Court
T.C. Memo 1988-222; 1988 Tax Ct. Memo LEXIS 250; 55 T.C.M. (CCH) 875; T.C.M. (RIA) 88222; May 17, 1988. Allan P. Harris, for the petitioner. Henry S. Schneiderman, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] This case is before us on the parties' cross-motions to dismiss for lack of jurisdiction. Respondent's motion raises the question whether Patrick Moretti was the tax matters partner of PAE Enterprises within the meaning of section 6231(a)(7). [2] Petitioner's motion raises the question whether, assuming that Patrick Moretti was the tax matters partners (TMP), the Notice of Final Partnership Administrative Adjustment (FPAA) was invalid because it was not sent to the correct *253 address. The critical facts are not in dispute. PAE is a partnership. The partners are Hal Pryor, Sue Pryor and American Educare, Ltd. (Educare), another partnership. Educare has a 50-percent interest in PAE and the Priors own the remaining 50-percent interest, although the record does not disclose their respective interests. PAE filed a partnership return for the fiscal year 1983 showing an address of P. O. Box 52232, Atlanta, Georgia 30355. The attached Schedule K-1 listed Educare's address as 1075 W. Conway Drive, N.W., Atlanta, Georgia 30327 and the Pryor's address as 6295 Broomsedge Trail, Norcross, Georgia 30092. Patrick Moretti's name does not appear on the return, and it is unclear what his interests in PAE or Educare were. During *254 the examination of PAE's return, the Internal Revenue Service's employee(s) corresponded on December 18, 1986 with Mr. Moretti, and a letter from one employee concerning the proposed adjustments was addressed to "Patrick Moretti, Tax Matters Partner, PAE Enterprises, 5 Chaumont Square, Atlanta, Georgia 30355." It also appears that some correspondence was sent with reference to Educare to Mr. Moretti, Tax Matters Partner of Educare in June 1986. On April 15, 1987, five identical Notice(s) of Final Partnership Administrative Adjustment were mailed to Educare, "Tax Matters Partner PAE Enterprises" at the following addresses: P.O. Box 724752 Atlanta, Georgia 30339 P.O. Box 52232 Atlanta, Georgia 30355 5 Clairmont Square Atlanta, Georgia 30355 1075 W. Conway Drive Atlanta, Georgia 30327
A similar letter was sent to the Pryors at 6295 Broomsedge Trail, Norcross, Georgia 30092. On July 6, 1987, a petition captioned "PAE Enterprises, Patrick Moretti, Tax Matters Partner, Petitioner" (the Moretti petition) was filed in this Court. On September 11, 1987, a petition captioned "PAE Enterprises, Hal and Sue Pryor, Partners Other Than Tax Matters Partner" (the Pryor petition) *255 was filed with this Court. That case is at docket No. 31177-87. Respondent, on September 10, 1987, moved to dismiss the Moretti petition on the ground that Mr. Moretti was not the tax matters partner of PAE. We address this matter first, and, as we shall see, our disposition of this question provides the answer to petitioner's motion to dismiss. Section 6226 provides for the judicial review of a FPAA. Under section 6226(a) a petition may be filed with the Tax Court by the TMP within 90 days after the FPAA is mailed to the TMP. If the TMP does not file a petition "any notice partner * * * may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition * * *." Sec. 6226(b)(1). The TMP partner may intervene in an action brought by a "notice partner." Respondent has admitted that the Pryors are "notice partners." Respondent, however, contends that Mr. Moretti was not the TMP. The TMP is defined in section 6231(a)(7) as follows: (A) the general partner *256 designated as the tax matters partner as provided in regulations, or (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing). If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner. In the case before us the parties concede that subparagraph (A) is inapplicable. Respondent maintains that subparagraph (B) is controlling; therefore, since there were two equal partners [3] and American Educare is alphabetically first, Educare is the TMP under subparagraph (B). Petitioner, on the other hand, argues that the last sentence of section 6231(a)(7) controls, and that, by sending correspondence to Mr. Moretti, as the TMP, respondent has selected Mr. Moretti as the TMP. *257 We note at the outset that the records of PAE before us indicate that the partners of PAE were the Pryors and Educare. On these records, therefore, the only conclusion possible under section 6231(a)(7)(B) is that Educare was the TMP since both were equal partners and "E" precedes "P" in the alphabet. While Mr. Moretti's status is unclear, even if we assume that Mr. Moretti were the TMP of Educare, the result would not change. While Mr. Moretti might have been the TMP of Educare, with respect to PAE, Educare would have been a "pass-thru partner" (see sec. 6231(a)(9)) and Mr. Moretti would have been an "indirect partner" (see sec. 6231(a)(10)). Thus, on the record before us it may be questioned whether he was entitled to any notice of the FPAA. Compare section 6223(c)(1) with section 6223(c)(3). In all events, Mr. Moretti was not a partner of PAE, and under sections 6231(a)(7)(A) and (B) the TMP must be a partner of PAE. Compare Computer Programs Lambda, Ltd. v. Commissioner,89 T.C. 198, 202 (1987). The question arises when section 6231(a)(7)(A) is not applicable and section 6231(a)(7)(B) is "impracticable to apply," may respondent select an "indirect partner" *258 as a TMP under the catchall provision of the last sentence of section 6231(a)(7). That sentence states, in part, that the "partner selected by the Secretary shall be treated as the" TMP. A "partner" is defined, inter alia, as "a partner in the partnership" and "any other person whose income tax liability under subtitle A is determined in whole or part by taking into account directly or indirectly partnership items of the partnership." Sec. 6231(a)(2)(B). Thus, if Mr. Moretti were an "indirect partner" of PAE, he might have been selected and treated as the TMP. But, simply because Mr. Moretti may have been eligible to be selected and referred to in some correspondence from respondent's employee as the TMP for PAE, does not mean that respondent utilized the selection process within the meaning of the last sentence of section 6231(a)(7). That provision requires that the "Secretary determines that it is impracticable to apply" the largest-profits-interest rule in section 6231(a)(7)(B). There is little indication that such a determination was made here. The only suggestion that such a determination was made was the letter discussing the proposed adjustments. We, however, are reluctant *259 to give that letter much weight. It seems clear that the basic thrust of section 6231(a)(7) is that a general partner is the preferable TMP. A general partner is generally in a position to know the details of the partnership's financial affairs, and, if he does not know, he generally has the right to demand an accounting. Moreover, a general partner's actions generally bind a partnership and its partners. Thus, in these circumstances respondent would not be justified in determining that it would be impractical to apply section 6231(a)(7)(B). Compare Rev. Proc. 88-16, 1988-9 I.R.B. 7. The most that can be said with respect to the letter is that at least at some point in time Mr. Moretti was acting as a spokesman for the TMP. On the record that is before us, therefore, we cannot conclude that the Secretary, or his properly designated delegate, selected Mr. Moretti to be treated as the TMP of PAE. Mr. Moretti, therefore, has not established that he was selected by respondent as the TMMP, and we find that Educare, and not Mr. Moretti, was the TMP of PAE. Accordingly, since *260 the petition filed by Mr. Moretti was filed within the 90-day period after respondent issued the FPAA, it must be dismissed. Sec. 6226(a); Computer Programs Lambda, Ltd. v. Commissioner,89 T.C. at 205; Transpac Drilling Venture 1982-22 v. Commissioner,87 T.C. 874 (1986). The case at docket number 31177-87 remains on the general docket.[4]
As a final matter, we observe that the Notice of Final Partnership Administrative Adjustment was mailed to Educare at its proper address. An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. Technically the Pryors are treated as separate partners. See section 301.6231(a)(12)-1(T), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793↩ (Mar. 5, 1987). 4. We, therefore, do not reach the issue of our jurisdiction if the petition in docket number 31177-87 had been filed after the 60-day period or more than 150 days from the issuance of the FPAA. ↩