SIERRA DESIGN RESEARCH AND DEVELOPMENT LIMITED PARTNERSHIP, MICRO SYSTEMS MANAGEMENT AND DEVELOPMENT CORPORATION, INC., TAX MATTERS PARTNER, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Sierra Design Research & Dev. Ltd. Partnership v. Commissioner
Docket Nos. 22495-87; 30322-87; 4228-88
United States Tax Court
T.C. Memo 1989-506; 1989 Tax Ct. Memo LEXIS 509; 58 T.C.M. (CCH) 164; T.C.M. (RIA) 89506; September 14, 1989
*509 Sierra is a limited partnership. Micro and First Technology are general partners of Sierra with identical profits interests. R issued an FPAA for the taxable year 1983 to Sierra. The FPAA was mailed to "Tax Matters Partner, Sierra Design Research and Development" and copies were sent to the notice partners of Sierra. Within 90 days of issuance of the FPAA, Micro filed a petition as tax matters partner. Within 60 days after the close of the 90-day period, a 5-percent notice group of partners filed a petition. R also issued an FPAA to "Tax Matters Partner, Sierra Design and Research Development" for the taxable years 1984 and 1985. A duplicate FPAA was issued to Kelly as "Tax Matters Partner." Copies of the FPAA were sent to the notice partners of Sierra. Kelly filed a petition within 90 days of issuance of the FPAA. Within 60 days after the close of the 90-day period, a 5-percent notice group of partners filed a petition. Held: Since Sierra did not designate a tax matters partner and since the two general partners (Micro and First Technology) had identical profits interests, First Technology, the general partner whose name would first appear in an alphabetical listing, *510 is the tax matters partner. Consequently, the petition filed by Mircro must be dismissed for lack of jurisdiction since Micro was not the tax matters partner. Sec. 6226(c), I.R.C. 1986. Held further: That the petition filed by the 5-percent notice group with respect to the 1983 taxable year should go forward since no petition was filed by the tax matters partner. Sec. 6226(b)(1), I.R.C. 1986. Held further: Kelly, a limited partner, is not entitled to file a petition as tax matters partner with respect to an FPAA issued for the 1984 and 1985 tax years. Although respondent mailed the FPAA to Kelly as "Tax Matters Partner," Kelly was not a general partner nor was he selected by the Secretary as tax matters partner. Sec. 6231(a)(7), I.R.C. 1986. Kevin Mirch, for the petitioners. David Sorensen, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code. [2] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: These cases are before the Court on respondent's motions to dismiss for lack of jurisdiction and petitioner's motion for summary judgment. Respondent determined adjustments to the partnership returns of Sierra Design Research and Development Limited Partnership (Sierra Design) for *513 its 1983 taxable year as set forth in his notice of final partnership administrative adjustment (FPAA) issued on April 6, 1987, and for its 1984 and 1985 taxable years in his FPAA issued on January 4, 1988. Respondent moved to dismiss the petition filed by Mirco Systems Management and Development Corporation, Inc. (Micro Systems) at docket No. 22495-87 with respect to the FPAA for 1983 on the ground that it was not filed by the tax matters partner of Sierra Design. Alternatively, respondent moved to dismiss the petition filed by a 5-percent notice group of partners at docket No. 30322-87 with respect to the FPAA for 1983 on the ground that a valid petition at docket No. 22495-87 had previously been filed by the partnership's tax matters partner. Respondent moved to dismiss the petition filed by Brian C. Kelly (Kelly), at docket No. 4228-88 with respect to the FPAA for 1984 and 1985 on the ground that it was not filed by the tax matters partner of Sierra Design. Kelly has moved for summary judgment (a motion we will treat as a motion to dismiss for lack of jurisdiction) on the ground that the FPAA for 1984 and 1985 was invalid. Sierra Design is a limited partnership with its *514 principal place of business at 975 Ryland Street, Reno, Nevada 89502. Micro Systems and First Technology Financial Corporation (First Technology) are the general partners of Sierra Design. The two general partners had identical profits interests in Sierra Design during the partnership's taxable years 1983, 1984 and 1985. Kelly is a limited partner of Sierra Design. On April 6, 1987, respondent issued an FPAA to "Tax Matters Partner, Sierra Design Research and Development," for the partnership's 1983 taxable year. On the same day, respondent mailed copies of the FPAA to the notice partners of Sierra Design. On July 9, 1987, Micro Systems filed a petition, purportedly as tax matters partners, for readjustment of the partnership items of Sierra Design with respect to the April 6, 1987, FPAA. A 5-percent notice group of partners filed its petition for readjustment of partnership items for the year 1983 on September 8, 1987, with respect to the FPAA for 1983. On January 4, 1988, respondent issued an FPAA to "Tax Matters Partner, Sierra Design Research and Development" for the partnership's 1984 and 1985 taxable years. A duplicate FPAA was issued by respondent to "Brian C. Kelly, *515 Tax Matters Partner," on the same date. Copies of the FPAA were also sent to all notice partners of Sierra Design. On March 4, 1988, Kelly filed a petition for readjustment of Sierra Design's partnership items for 1984 and 1985. Kelly purported to file his petition as tax matters partner of Sierra Design. A 5-percent notice group of Sierra Design partners filed its petition for readjustment on May 31, 1988, at docket No. 11939-88 with respect to the FPAA for 1984 and 1985. In the interest of clarity, we will discuss each motion separately. Respondent's Motion to Dismiss Petition Filed by Micro Systems for Lack of Jurisdiction
Respondent contends that the petition for readjustment of Sierra Design's partnership items for 1983 filed by Micro Systems must be dismissed because Micro Systems is not the tax matters partner. We agree with respondent. Section 6226(a)(1) provides that, within 90 days after the day an FPAA is mailed, the tax matters partner may file a petition for readjustment of partnership items with the Tax Court. Micro Systems mailed its petition for readjustment to the Court on July 6, 1987, and, pursuant to sections 7502 and 7503, the petition was filed *516 within the 90-day period prescribed by section 6226(a). A partnership action is not commenced, however, by a petition filed within the 90-day period by an individual or entity that is not the tax matters partner. Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198, 202 (1987); Summerland Partnership v. Commissioner, T.C. Memo. 1988-548. Section 6231(a)(7) provides that the tax matters partner of a partnership is the general partner so designated as provided in regulations, or, where no general partner has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved. Section 6231(a)(7)(B) provides that where there is more than one such partner, the partner whose name would appear first in an alphabetical listing is the tax matters partner. Sierra Design did not designate a tax matters partner for its taxable year 1983. Consequently, the tax matters partner is the general partner with the largest profit interest. Sec. 6231(a)(7)(B); sec. 301.6231(a)(7)-1T(m)(2), Temporary Proced. & Admin. Regs., 52 Red. Reg. 6793 (Mar. 5, 1987). Since First Technology and Micro *517 Systems had identical profits interests, First Technology, whose name would appear first in an alphabetical listing, is the tax matters partner of Sierra Design. Accordingly, the petition filed by Micro Systems must be dismissed for lack of jurisdiction, since Micro Systems was not qualified to file a petition with the Tax Court within the 90-day period provided in section 6226(a). Respondent's Motion to Dismiss the Petition Filed by the 5-Percent Notice Group of partners
Respondent moved in the alternative to dismiss the petition for readjustment of Sierra Design's partnership items for 1983 filed by the 5-percent notice group on the ground that a petition had been previously filed by the tax matters partner with respect to the same FPAA. A partner other than the tax matters partner may file a petition for readjustment within 60 days of the close of the 90-day period provided in section 6226(a) only if the tax matters partner has not filed a petition for readjustment. Section 6226(b)(1). Although Micro Systems filed its petition for readjustment as tax matters partner of Sierra Design, Micro Systems was not the partnership's tax matters partner, and its petition for readjustment *518 did not commence a partnership action. Computer Programs Lambda, Ltd. v. Commissioner, supra.
Accordingly, the 5-percent notice group was entitled to file its notice partner petition at docket No. 30322-87, and that proceeding should go forward provided the Court otherwise has jurisdiction. The petition filed by the 5-percent notice group was timely mailed and is thus deemed to have been timely filed under sections 7502 and 7503. Sec. 6226(b)(1). Respondent's alternative motion to dismiss for lack of jurisdiction with respect to the 5-percent notice group will therefore be denied. Respondent's Motion to Dismiss Petition Filed by Brian C. Kelly as Tax Matters Partner
Respondent has moved to dismiss for lack of jurisdiction the petition for readjustment of partnership items for Sierra Design's 1984 and 1985 taxable years filed by Kelly as tax matters partner at docket No. 4228-88. Respondent contends that Kelly, a limited partner, does not qualify as tax matters partner. Kelly argues in response that respondent designated him as tax matters partner by sending him an FPAA addressed to him as tax matters partner. In our discussion of the petition filed *519 by Micro, we set forth the criteria under section 6231(a)(7)(B) for determining the tax matters partner. Section 6231(a)(7) further provides: If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner. As in 1983, Sierra Design had to general partners in 1984 and 1985, Micro Systems and First Technology, each of which held an equal profits interest in the partnership. Since both general partners held identical profits interests, the one whose name would appear first in an alphabetical listing, First Technology, is the tax matters partner, unless respondent (1) determined that it is impractice to apply subparagraph (B) and (2) selected Kelly as the tax matters partner. Sec. 6231(a)(7)(B); sec. 301.6231(a)(7)-1T(m)(2), Temporary Proced. & Admin. Regs. Concededly, respondent mailed an FPAA to "Brian C. Kelly, Tax Matters Partner." According to respondent, however, the FPAA was issued to Kelly as a protective measure, since respondent was uncertain as to the identity of Sierra Design's tax matters partner, and was *520 not intended as a selection of Kelly as the tax matters partner. Furthermore, respondent maintains, no determination was made by respondent that application of the largest-profits-interest test was impracticable, as required by the statute. We agree with respondent. The provision in the last sentence of section 6231(a)(7) requires that the "Secretary determine that it is impracticable to apply [the largest-profits-interest rule.]" See PAE Enterprises v. Commissioner, T.C. Memo. 1988-222. As in PAE Enterprises, there is little or no indication that such a determination was made; respondent simply sent an FPAA addressed to Kelly as tax matters partner. In this case, there is no evidence that any partner relied on this FPAA as respondent's designation of Kelly as tax matters partner, and the partners will suffer no detriment as a result of dismissal because the partnership adjustments remain in issue because of the filing of a timely petition by a 5-percent notice group. On the record before us, then, we are unable to conclude that Kelly was selected as tax matters partner of Sierra Design by respondent. We have previously held that one who is not a notice *521 partner is not entitled to file a petition for readjustment of partnership items simply by virtue of having received an FPAA. Energy Resources, Ltd. v. Commissioner, 91 T.C. 913 (1988). We based our decision in that case on the ground that our jurisdiction cannot be expanded by virtue of respondent's mailing an FPAA to a person or entity that respondent is not required by law to notify. Similarly, we hold here that the mailing of an FPAA to a limited partner as "tax matters partner," where a tax matters partner has already been designated by the partnership or by operation of law and such designation has not been terminated, does not entitle the recipient of the FPAA to file a petition for readjustment as the tax matters partner.[3]
*522 Since the petition filed by Kelly was filed within the 90-day period after respondent issued the FPAA, it must be dismissed for lack of jurisdiction. Sec. 6225(a); Computer Programs Lambda, Ltd. v. Commissioner, supra at 205; Transpac Drilling Venture 1982-22 v. Commissioner, 87 T.C. 874 (1986). As we have held that we are without jurisdiction to consider the petition filed by Kelly, we need not address the issue raised by this motion for summary judgment. We note, however, that a petition has been filed by a 5-percent notice group of partners at docket No. 11939-88 with respect to the FPAA for Sierra Design's 1984 and 1985 taxable years, so that a petition for readjustment of partnership items for those years will go forward. Appropriate orders will be entered. Footnotes
1. The following cases are consolidated for purposes of this opinion only: Sierra Design Research & Development, Edwin W. Gantz, A Partner Other Than The Tax Matters Partner, Patrick E. Heade, A Partner Other Than The Tax Matters Partner, Lawrence W. and Maris Remus, A Partner Other Than The Tax Matters Partner, Brian Kelly, A Partner Other Than The Tax Matters Partner, Bridgett J. Kelly, A Partner Other Than The Tax Matters Partner, and John C. and Ruth Anne Kelly, A Partner Other Than The Tax Matters Partner, docket No. 30322-87, and Sierra Design Research & Development Limited Partnership, Brian C. Kelly, Tax Matters Partner, docket No. 4228-88.↩
2. This case was assigned pursuant to sec 7443A and Rule 180. All section references are to the Internal Revenue Code as in effect for the tax years at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We caution respondent, however, that his practice of sending a "protective" FPAA to a partner as "tax matters partner" who may not be the tax matters partner creates confusion for the notice partners, who might fail to file a petition for readjustment of partnership items in reliance on an invalid petition filed by the partner who is mistakenly believed to be the tax matters partner. Since we have held that a "generic" FPAA mailed to "Tax Matters Partner" at the business address of the partnership is valid, sending a protective FPAA such as the one issued in this case would appear to be unnecessary. See Chomp Associates v. Commissioner, 91 T.C. 1069↩ (1988).