DOUGLAS W. HARVEY, SR. AND JULIANN HARVEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harvey v. Commissioner
Docket No. 1374-91
United States Tax Court
T.C. Memo 1992-67; 1992 Tax Ct. Memo LEXIS 72; 63 T.C.M. (CCH) 1982; T.C.M. (RIA) 92067; February 3, 1992, Filed *72 An order denying petitioners' motion will be issued. Joseph C. Schmitt, for petitioners. James F. Prothro, for respondent. SCOTT SCOTT MEMORANDUM OPINION SCOTT, Judge: On November 4, 1991, petitioners filed a motion to dismiss this case for lack of jurisdiction on the grounds that respondent's notice of deficiency was untimely since it was not mailed to petitioners within 3 years from the date of the filing of petitioners' return for the year ended December 31, 1984, here involved. Petitioners alleged that they had not extended the period of limitations for the assessment of tax for the year 1984, and respondent had not determined fraud or omission of gross income in excess of 25 percent of the gross income reported for the year 1984. While it is incorrect to request dismissal for lack of jurisdiction based on allegations that the assessment of a deficiency is barred by the period of limitations at the date of the mailing of the notice of deficiency, we will consider petitioners' motion as if it were a motion for summary judgment on the ground that the uncontroverted facts show that the period of limitations within which respondent was permitted to assess or collect *73 a tax had expired at the date of the mailing of the notice of deficiency. [1] The facts are not in controversy.
The agreed facts show that petitioners on their Federal income tax return for the calendar year 1984 claimed a deduction of $ 43,133, which represented their claimed distributive share of partnership items of Epic Associates 84-B (Epic), a limited partnership, in which Douglas W. Harvey, Sr., was a limited partner. Epic was a partnership subject to the Unified Partnership Audit and Litigation Rules of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, contained in sections 6221 through 6233. [2] Pursuant to the TEFRA provisions respondent examined Epic's Form 1065, U.S. Partnership Return of Income, for Epic's taxable *74 year ended December 31, 1984. Respondent obtained from Epic an extension of the period of limitations for an assessment of tax applicable to partnership items of Epic for the year 1984 and this period of limitations had not expired on the date on which respondent mailed to petitioners a notice of deficiency. Petitioners filed their Federal income tax return for the calendar year 1984 on April 15, 1985. The period of limitations for assessment of tax provided for in section 6501(a) with respect to petitioners' 1984 income tax liability expired on April 15, 1988. On May 3, 1990, petitioners filed a petition in bankruptcy under chapter 7 of the United States Bankruptcy Code in the United States District Court for the Northern District of Texas, case No. 490-41556-MT. On October 4, 1990, the United States Bankruptcy Court for the Northern District of Texas entered an order of discharge of debtor in *75 petitioners' bankruptcy case No. 490-41556-MT. On December 4, 1990, respondent issued to petitioners a notice of deficiency for the taxable year ended December 31, 1984, in which the only adjustment was the disallowance of petitioners' claimed loss for the year 1984 from Epic of $ 43,133. Petitioners contend that their filing of a petition in bankruptcy on May 3, 1990, did not convert their share of Epic's 1984 partnership items into nonpartnership items and, therefore, respondent was barred by the period of limitations from disallowing petitioners' claimed loss deduction from Epic until after a final determination of partnership items of Epic under TEFRA. In the alternative petitioners argue that assuming, in fact, their filing of a petition in bankruptcy did convert their partnership items into nonpartnership items, respondent still did not have until May 3, 1991, to assess a deficiency against petitioners with respect to such nonpartnership items. Petitioners recognize and quote the provision of section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), which provides in general that since treatment of items of a partner named *76 as a debtor in a bankruptcy proceeding as partnership items would interfere with the effective and efficient enforcement of the internal revenue laws -- partnership items of such a partner arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner with respect to which the United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy.
This temporary regulation was cited with approval by this Court in Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198, 204 (1987). In Computer Programs Lambda, we stated that the determination that bankruptcy presents a special enforcement area is manifestly reasonable. We pointed out that once a debtor files for bankruptcy protection the automatic stay prevents us from taking any action including an order of dismissal in any case concerning the debtor and that if the partnership items did not become nonpartnership items, the debtor's litigation would prevent us from readjusting the remaining partners' partnership *77 items even though those partners would not be affected by the bankruptcy proceeding. It is petitioners' position that since more than 3 years had expired from the time of the filing of their return for the year 1984 at the date the petition in bankruptcy was filed, the Epic partnership items were not converted to nonpartnership items under the above-quoted provision of the temporary regulations. They state that at the date of the filing of their petition in bankruptcy respondent could not have filed a claim for 1984 income tax in the bankruptcy proceeding. Petitioners in their argument overlook the fact that upon the filing of a petition in bankruptcy, the Epic partnership items became nonpartnership items under section 6231(c)(1)(E) and the temporary regulations quoted above. Prior to the filing of the petition the items were partnership items of a partner arising in petitioners' and the partnership's taxable year ending on December 31, 1984. Since the time for adjusting the partnership items had not expired at the date petitioners filed their petition in bankruptcy, the time within which the United States could file a claim for income tax due by petitioners with respect to *78 the Epic partnership items for 1984 had not expired when the bankruptcy petition was filed. Since the Epic partnership items became nonpartnership items as to petitioners when the petition in bankruptcy was filed, the period of limitations to assess the tax against petitioners was open for a year from the date of the filing of the bankruptcy petition. Sec. 6229(f). Petitioners have failed to show under these facts why respondent would not have been permitted to file a claim in the bankruptcy proceeding. Petitioners' argument that section 6229(f) does not apply to permit the assessment against petitioners of the tax arising from the disallowance of the claimed Epic losses for a period of 1 year after the date of the filing of the petition in bankruptcy is equally invalid. Section 6229(f) provides as follows: (f) Items Becoming Nonpartnership Items. -- If, before the expiration of the period otherwise provided in this section for assessing any tax imposed by subtitle A with respect to the partnership items of a partner for the partnership taxable year, such items become nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, the *79 period for assessing any tax imposed by subtitle A which is attributable to such items (or any item affected by such items) shall not expire before the date which is 1 year after the date on which the items become nonpartnership items.
It is clear that the period for otherwise assessing a tax with respect to the Epic partnership items was open at the date petitioners filed for bankruptcy by an extension given by the partnership. Therefore the provision of section 6229(f), that the conversion occur before the expiration of the period in which an assessment could be made with respect to partnership items, has been met. Also the reference to such items' becoming nonpartnership items by reason of one or more of the events described in subsection (b) of section 6231 has been met. Section 6231(b) provides in part as follows: (b) Items Cease To Be Partnership Items in Certain Cases. -- (1) In general. -- For purposes of this subchapter, the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date -- * * * (D) such change occurs under subsection (e) of section 6223 (relating to effect of Secretary's failure to provide notice) *80 or under subsection (c) of this section.
Section 6231(b)(1)(D) states that partnership items of a partner shall become nonpartnership items as of the date "such change occurs * * * under subsection (c) of this section". Section 6231(c) provides insofar as here pertinent as follows: (c) Regulations with Respect to Certain Special Enforcement Areas. -- (1) Applicability of subsection. -- This subsection applies in the case of -- (A) assessments under section 6851 (relating to termination assessments of income tax) or section 6861 (relating to jeopardy assessments of income, estate, gift, and certain excise taxes), (B) criminal investigations, (C) indirect methods of proof of income, (D) foreign partnerships, and (E) other areas that the Secretary determines by regulation to present special enforcement considerations.
Section 6231(c)(1)(E) specifically refers to other areas that the Secretary determines by regulation to present special enforcement considerations. As pointed out above, section 301.6231(c)-7T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), provides for partnership items becoming nonpartnership items upon the *81 filing of a petition in bankruptcy and this Court has specifically approved that regulation in Computer Programs Lambda, Ltd. v. Commissioner, supra, holding that the determination that bankruptcy presents a special enforcement area is reasonable. Therefore, clearly the statute provides that the Commissioner is entitled to assess a deficiency based on the disallowance of petitioners' claimed Epic losses within 1 year from the date of the filing of petitioners' petition in bankruptcy. The notice of deficiency here was sent within that 1-year period and was timely. Petitioners' misinterpretation of the provisions of the Internal Revenue Code apparently results from their reading of a portion of the Tax Management Portfolios dealing with audit procedures for pass-through entities. The portfolio referred to by petitioners revises and supersedes 467 T.M. Petitioners refer to the article as Mather, 467-2nd T.M., Audit Procedures for Pass-Through Entities at page A-33. The article does not give effect to section 6231(b)(1)(D) as we interpret that section. Accordingly, petitioners are incorrect in their position that the period of assessment of income tax based *82 on disallowance of claimed Epic items had expired when the notice of deficiency was mailed. The provisions of the statute and temporary regulations above discussed provide to the contrary. An order denying petitioners' motion will be issued. Footnotes
1. An issue based on the statute of limitations is a defense in bar and not a plea to this Court's jurisdiction. Rule 39, Tax Court Rules of Practice and Procedure; Badger Materials, Inc. v. Commissioner, 40 T.C. 1061, 1063↩ (1963).
2. All section references are to the Internal Revenue Code in effect for the year in issue unless otherwise indicated.↩