T.C. Memo. 2009-128

UNITED STATES TAX COURT

GATEWAY HOTEL PARTNERS, LLC, WASHINGTON AVENUE HISTORIC
DEVELOPER, LLC, TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

GATEWAY TOWER PARTNERS, LLC, HRI TOWER, TAX MATTERS
PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 19182-07, 20769-07.    Filed June 4, 2009.

<u>Gary J. Elkins</u>, <u>Yvonne Chalker</u>, and <u>Andrew L. Kramer</u>, for
petitioners.

<u>Dana E. Hundrieser</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  These cases are before the Court on Gateway

Hotel Partners, L.L.C.'s (Gateway Hotel), and Gateway Tower

Partners, L.L.C.'s (Gateway Tower) (collectively the partnerships), respective motions to substitute tax matters partner and to change the captions of the cases. For the reasons stated herein, we shall grant the partnerships' motions to substitute tax matters partner and motions to change the captions of the cases.

## Background

The following information is stated for purposes of this Memorandum Opinion only; these cases have yet to be tried on the merits.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### Gateway Hotel

Gateway Hotel is a Missouri limited liability company (L.L.C.). Before December 24, 2008, Gateway Hotel had two members: Washington Area Historic Developer, L.L.C. (WAHD), a Missouri L.L.C.; and Housing Horizon, L.L.C. (Housing Horizon),[1] a Texas L.L.C. HRI Restoration, Inc. (HRI Restoration), a Louisiana corporation, is the manager of WAHD.

Pursuant to a call/put option dated December 24, 2008, Gateway Interest Acquisition Corp. (GIAC), a Louisiana corporation, purchased all of Housing Horizon's interest in

---

[1] Housing Horizon is a subsidiary of KC Tower Corp.

Gateway Hotel.  After the purchase, WAHD and GIAC were the only members of Gateway Hotel.

Gateway Tower

Gateway Tower is a Missouri L.L.C.  Before December 24, 2008, Gateway Tower had two members:  HRI Tower, a Louisiana corporation, and KC Tower Corp. (KC Tower), a Delaware corporation.  HRI Restoration is the sole shareholder of HRI Tower.

Pursuant to a call/put option dated December 24, 2008, GIAC purchased all of KC Tower's interest in Gateway Tower.  After the purchase, HRI Tower and GIAC were the only members of Gateway Tower.

On January 28, 2009, the HRI Restoration board of directors issued a resolution authorizing HRI Restoration to act on behalf of WAHD and HRI Tower and enter into on behalf of those entities an amendment to the respective operating agreements of Gateway Hotel and Gateway Tower.

The amendments to the operating agreements provided in pertinent part that GIAC would become the new tax matters partner for Gateway Hotel and Gateway Tower.  The amendments referred to WAHD, HRI Tower, and GIAC as members in Gateway Hotel and Gateway Tower but did not refer to any as member-managers.

On January 29, 2009, the partnerships filed their respective motions to substitute and on February 8, 2009, filed their

respective motions to change the caption of the case. On March 12, 2009, respondent filed an objection to the granting of the partnerships' motions to substitute. On March 13, 2009, KC Tower Corp., as participating partner, filed its response to Gateway Tower's motion to substitute. KC Tower Corp. did not object to the granting of Gateway Tower's motion. On March 20, 2009, the partnerships filed replies to respondent's objection to the granting of the partnerships' motions. On April 8, 2009, Housing Horizon filed its response to Gateway Hotel's motion to substitute and did not object to the granting of Gateway Hotel's motion.

## Discussion

Partnerships do not pay Federal income taxes, but they are required to file annual information returns reporting the partners' distributive shares of income, deductions, and other tax items. Secs. 701, 6031. The individual partners then report their distributive shares of the tax items on their Federal income tax returns. Secs. 701-704.

To remove the substantial administrative burden occasioned by duplicative audits and litigation and to provide consistent treatment of partnership items among partners in the same partnership, Congress enacted the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402, 96 Stat. 648. See

Randell v. United States, 64 F.3d 101, 103 (2d Cir. 1995); H. Conf. Rept. 97-760, at 599-600 (1982), 1982-2 C.B. 600, 662-663.

Under TEFRA, all partnership items are decided in a single partnership-level proceeding. Sec. 6226; see also Randell v. United States, supra at 103; Petaluma FX Partners, LLC v. Commissioner, 131 T.C. ___, ___ (2008) (slip. op. at 10). The tax matters partner of a partnership is the central figure in partnership proceedings. See Chomp Associates v. Commissioner, 91 T.C. 1069, 1076 (1988). "During both administrative proceedings and litigation, the tax matters partner serves as the focal point for service of all notices, documents, and orders on the partnership." Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198, 205 (1987). The tax matters partner is also required to keep all partners informed of the status of administrative and judicial proceedings involving the partnership and may, under some circumstances, bind partners who are not notice partners by entering into a settlement agreement with the Commissioner. Id. "In the execution of these responsibilities a tax matters partner acts as a fiduciary." Id.

Section 6231(a)(7)(A) provides that the tax matters partner of any partnership is the general partner designated as the tax matters partner in accordance with regulations issued by the Secretary. Section 6231(a)(7)(B) provides that if no general partner has been so designated, the tax matters partner is the

general partner with the largest profits interest in the partnership at the close of the taxable year involved. Flush language in section 6231(a)(7) provides that if no tax matters partner is appointed by the partnership in accordance with section 6231(a)(7)(A) and the Secretary determines that it is impracticable to apply 6231(a)(7)(B), then the partner selected by the Secretary shall be treated as the tax matters partner.

Section 301.6231(a)(7)-1, Proced. & Admin. Regs., provides additional guidelines for selection of the tax matters partner. A partnership may designate a tax matters partner only in accordance with that section. A person may be designated as the tax matters partner of a partnership for a taxable year only if that person was a general partner in the partnership at some time during the taxable year for which the designation is made, or is a general partner in the partnership as of the time the designation is made. Sec. 301.6231(a)(7)-1(b), Proced. & Admin. Regs.

Section 301-6231(a)(7)-1, Proced. & Admin. Regs., provides in pertinent part that the current tax matters partner of a partnership may designate a successor. Section 301.6231(a)(7)-1(d), Proced. & Admin. Regs., provides that this designation is accomplished by filing a certification with the Internal Revenue Service (IRS) informing the IRS of the selection of a new tax matters partner. The certification is filed at the service

center with which the partnership return is filed and includes, inter alia, a statement that the partner filing the certification was properly designated the tax matters partner of the partnership and that the successor tax matters partner was selected tax matters partner in accordance with the partnership's procedure for making that selection.  Sec. 301.6231(a)(7)-1(d), Proced. & Admin. Regs.  The "more obvious purpose of respondent's regulations is to provide respondent with the name and address of the * * * [tax matters partner] to be able to properly mail a FPAA."  Chomp Associates v. Commissioner, supra at 1078.

Section 301.6231(a)(7)-1(h), Proced. & Admin. Regs., provides that a designation under section 301.6231(a)(7)-1(d), Proced. & Admin. Regs., shall supersede all prior designations of a tax matters partner for that year.

Section 301.6231(a)(7)-2, Proced. & Admin. Regs., provides for the application of section 6231(a)(7) and section 301.6231(a)(7)-1, Proced. & Admin. Regs., to the designation or selection of a tax matters partner for an L.L.C.  Section 301.6231(a)(7)-2(a), Proced. & Admin. Regs., provides that for purposes of applying those sections, only a member-manager of an L.L.C. is treated as a general partner; a member of an L.L.C. who is not a member-manager is treated as a partner other than a general partner.  Section 301.6231(a)(7)-2(b)(3), Proced. & Admin. Regs., defines member-manager as a member of an L.L.C. who

alone or with others is vested with the continuing exclusive authority to make the management decisions necessary to conduct the business for which the organization was formed. If there are no elected or designated member-managers of the L.L.C., each member will be treated as a member-manager. Id.

Rule 250 provides the Court with the authority to remove or appoint a tax matters partner. The authority in Rule 250(a) does not apply in the instant proceeding, as each petition establishes the identity of the tax matters partner at the time of filing.

Pursuant to Rule 250(b)(1), the Court, after notice and opportunity to be heard, may for cause remove a tax matters partner. If the Court removes a tax matters partner for cause, or if a partner's status as tax matters partner terminates for any reason other than removal by the Court, and the partnership fails to designate a successor tax matters partner within such period as the Court may direct, then the Court may appoint another partner as tax matters partner. Rule 250(b)(2). Rule 250 indicates that "responsibility for designating a successor * * * [tax matters partner] lies with the partnership, not with the Tax Court; if, however, the partnership fails to appoint a * * * [tax matters partner], the Tax Court may, not must, appoint a successor." Cinema '84 v. Commissioner, 412 F.3d 366, 372 (2d Cir. 2005), affg. 122 T.C. 264 (2004).

The partnerships' motions "request that * * * [GIAC] be substituted" as tax matters partner on behalf of WAHD. Respondent objects to the granting of the partnerships' motions to substitute on two grounds. First, respondent argues that the partnerships have not provided sufficient evidence to support their contention that GIAC purchased Housing Horizon's and KC Tower's respective shares in the partnerships. Second, respondent argues that the motions should be denied because GIAC's tax liability will not be determined in this proceeding. Respondent contends that GIAC is not eligible to be tax matters partner because GIAC was not a partner during 2002 and 2003, the years at issue, and therefore GIAC's tax liability will not be determined in this proceeding. The partnerships argue in reply that neither of those objections is relevant to the determination of whether GIAC should be recognized as tax matters partner.

As discussed above, the Court has the authority to appoint a tax matters partner only when the partnership fails to do so. Because the partnerships have each designated a new tax matters partner, we lack the authority to do so on their behalf. The partnerships have satisfied the requirements of section 301.6231(a)(7)-1(d), Proced. & Admin. Regs., notwithstanding the fact that the record lacks evidence of Gateway Hotel's and Gateway Tower's compliance with the notice requirements of that section. See Chomp Associates v. Commissioner, supra at 1078

("the question is whether * * * [partner] was duly authorized to file the petition in this case, not whether he properly notified respondent"). Respondent's argument that GIAC should not be able to serve as tax matters partner because GIAC's liability will not be determined during this proceeding is misplaced. The tax matters partner's importance derives from his role as a fiduciary serving on behalf of the other partners, and "His personal interest, if any, is beside the point." <u>Computer Programs Lambda, Ltd. v. Commissioner</u>, 89 T.C. at 205. In any event, GIAC purchased Housing Horizon's and KC Tower's respective interests in Gateway Hotel and Gateway Tower and became the tax matters partner for the partnerships upon execution of the amendments to their operating agreements. GIAC's purchase distinguishes this case from <u>Mont. Sapphire Associates, Ltd., v. Commissioner</u>, 95 T.C. 477, 481 (1990), wherein we held that an individual having no capital or profit interest in a partnership cannot be the tax matters partner even if elected to that position by the partners in the partnership. The partnerships' motions requesting that GIAC be substituted for WAHD and HRI Tower and to change the captions of the cases will be granted.

To reflect the foregoing,

<u>Appropriate orders will</u>

<u>be issued</u>.