**In the Matter of Elvin L. MARTINEZ, Debtor.**

**Elvin L. Martinez, Plaintiff,**

v.

**United States, Defendant.**

**Bankruptcy No. 02–15471. Adversary No. 03–1232.**

United States Bankruptcy Court, E.D. Louisiana.

March 2, 2006.

Eric J. Derbes, The Derbes Law Firm, LLC, Bruce A. Miller, Metairie, LA, for Debtor.

## MEMORANDUM OPINION

JERRY A. BROWN, Bankruptcy Judge.

Elvin Martinez filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on August 8, 2004.[1]

On November 4, 2002, this Court granted Mr. Martinez a discharge and closed the case.

On October 3, 2003, this Court granted Mr. Martinez's *ex parte* motion to reopen his bankruptcy case, and he filed this adversary proceeding seeking to have the court determine that the taxes assessed by the United States for the tax years of 1987 through 1995 were discharged in bankruptcy.

A discharge under chapter 7 does not discharge a debtor from a tax debt of the kind that is specified in 11 U.S.C. § 507(a)(8)(A),[2] which includes taxes that were assessable, but not assessed, before the date that the bankruptcy petition was filed.

Generally, a tax must be assessed within three years after the tax return is filed.[3] There is a special rule, however, for partnerships:

> [T]he period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of—
>
> (1) the date on which the partnership return for such taxable year was filed, or
>
> (2) the last day for filing such return for such year (determined without regard to extensions).[4]

The United States contends that the tax matters partner ("TMP") for the partnerships in which Mr. Martinez was involved, Walter J. Hoyt, III, agreed to extend the period in which the United States could assess the taxes for 1987, 1988, and 1989. Mr. Martinez contends that the agreements to extend are invalid.

---

1. Case no. 02–15471

2. 11 U.S.C. § 523(a)(1)(A)

3. 26 U.S.C. § 6501(a).

4. 26 U.S.C. § 6229(a)

On February 9, 2005, this court granted the motion for summary judgment filed by the United States. This court found that the extensions granted by Mr. Hoyt were valid, and accordingly, held that the tax liability of Mr. Martinez for the tax years of 1987 through 1993 was not discharged in his bankruptcy.

Mr. Martinez appealed this court's decision on the bases that the extensions granted by Mr. Hoyt were invalid because he was being criminally investigated, and that Mr. Hoyt had a disabling conflict of interest.

On June 30, 2005, the United States District Court held that the criminal investigation of Mr. Hoyt did not invalidate his authority to bind the partnership, but remanded the case to this court with instructions to determine if there is a genuine issue of material fact as to whether there existed a disabling conflict of interest in light of *River City Ranches # 1 Ltd. v. C.I.R.*, 401 F.3d 1136 (9th Cir.2005), which was decided in March 2005, after this court had made its ruling.

"[A] TMP may lack capacity to bind his partners and the partnership where the TMP operates under a conflict of interest." [5]

■ In *River City Ranches*, another case involving Mr. Hoyt, "(t)he Tax Court found that the partnerships did not present evidence sufficient to show that Hoyt executed the extensions under disabling conflicts of interest." [6] The partnerships argued on appeal that the trial had three procedural flaws, one being "that the court improperly denied discovery pertinent to the validity of the extensions of the limita-

tions periods." The Ninth Circuit pointed to "at least one apparent conflict which, if substantiated, might render the extensions Hoyt signed legally incompetent and void." [7] The Ninth Circuit was referring to a headcount of livestock by the IRS during the period when Mr. Hoyt signed the extensions relevant to that case.

■ "[W]here serious conflicts exist, a TMP may be barred from acting on behalf of the partnership ..." [8]

As this Court stated in its February 9, 2005 Memorandum Opinion,

In *Transpac*, the IRS first asked the other partners to grant extensions individually, and they refused. Then, the IRS asked the tax matters partners, who were being called to appear and produce documents in front of a grand jury, to grant extensions. The tax matters partners complied because of "a powerful incentive to ingratiate themselves to the government." [9] Also, the court focused on the fact that the IRS knew that the other partners would not have granted the extensions.

This Court distinguished *Transpac* in its February 9, 2005 Memorandum Opinion by finding,

Mr. Martinez's case is distinguishable in that he neither alleges nor proves that the IRS asked him or the other partners for extensions. Also, he did not prove that Mr. Hoyt knew of and was cooperating with investigations against him at the time he granted the extensions.

Upon further review, the Court notes that the deposition of Mr. Jeffrey J. Hull,

---

5. *Id.* at 1141, citing *Phillips v. Commissioner,* 272 F.3d 1172, 1175 (9th Cir.2001).

6. *Id.* at 1141

7. *Id.* at 1142

8. *Transpac Drilling Venture 1982–12 v. Comm'r,* 147 F.3d 221, 227 (2nd Cir.1998).

9. 147 F.3d at 227.

U.S. Postal Inspector, Portland, Oregon [10] states,

> I also learned that pursuant to a Tax Court order, the IRS retained cattle expert Ron Daily to conduct a physical count of all cattle held by the Hoyts as of year end 1992. The count was conducted with Hoyt personnel from October, 1992 through April, 1993.[11]

The extensions at issue were granted by Mr. Hoyt as TMP between February, 1991 and March, 1993. Accordingly, the Court finds that there is a genuine issue of material fact as to whether Mr. Hoyt knew of and was cooperating with investigations against him at the time he granted some of the extensions, and as such, the Court will deny the Motion for Summary Judgment. An appropriate judgment will be entered.

### *JUDGMENT*

Upon remand by the United States District Court of this Court's decision granting summary judgment, and for the reasons assigned by this Court in the foregoing memorandum opinion issued on this date,

**IT IS ORDERED** that the Motion for Summary Judgment filed by the United States is **DENIED,** and a trial date will be set by the Court.

---

**10.** Mr. Hull's deposition states that he is "a U.S. Postal Inspector responsible for investigating postal related federal criminal violations . . ." Pleading 62, Exhibit 4.

**11.** Pleading 62, Exhibit 4, ¶ 20.