# United States Tax Court

165 T.C. No. 6

BLOMQUIST HOLDINGS, LLC, CRESTLAWN INVESTORS, LLC,
TAX MATTERS PARTNER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 8015-21.                    Filed September 17, 2025.

————

A partnership subject to the audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, 96 Stat. 324, donated a conservation easement and claimed a charitable contribution deduction under I.R.C. § 170. P, the tax matters partner, timely petitioned this Court challenging the IRS's Notice of Final Partnership Administrative Adjustment. P and R subsequently entered into a settlement agreement under Tax Ct. R. Prac. & P. 248(b). R, consistent with Tax Ct. R. Prac. & P. 248(b), filed a Motion for Entry of Decision along with a Proposed Decision.

Thirty-nine Nonparticipating Partners of P (NPs) each filed and subsequently amended a Motion for Leave to File Notice of Election to Participate pursuant to Tax Ct. R. Prac. & P. 248(b)(4), seeking to avoid the settlement and proceed with the Tax Court case. NPs contend that they have an absolute right to participate in this case pursuant to I.R.C. § 6226(c)(2) and, even if not, they have made the requisite substantial showing as to why the Court should permit their participation at this late stage of the litigation.

*Held*: Nonparticipating partners' rights to participate in a TEFRA proceeding under I.R.C. § 6226(c)(2) are not absolute but are subject to the requirements of the Tax Court Rules of Practice and Procedure.

*Held, further*, nonparticipating partners that request leave to file an election to participate pursuant to Tax Ct. R. Prac. & P. 248(b)(4) must make a substantial showing as to why they should be permitted to participate.

*Held, further*, NPs have not made a substantial showing as to why they should be permitted to participate in this case pursuant to Tax Ct. R. Prac. & P. 248(b)(4).

————————

*Logan C. Abernathy*, *Emily C. Ellis*, *Sarah E. Green*, *Sidney W. Jackson IV*, *Olla F. Jaraysi*, *Michelle A. Levin*, and *Gregory P. Rhodes*, for petitioner.

*Christopher D. Bradley*, *Edwin B. Cleverdon*, and *Russell Scott Shieldes*, for respondent.

OPINION

PARIS, *Judge*: This case involves a charitable contribution deduction that Blomquist Holdings, LLC (Blomquist), claimed for a 2017 conservation easement donation pursuant to section 170.[1] The Internal Revenue Service (IRS) issued a Notice of Final Partnership Administrative Adjustment (FPAA) disallowing in large part the charitable contribution deduction and other deductions. The FPAA also sets forth that the IRS determined that a 40% gross valuation misstatement penalty pursuant to section 6662(h) and various 20% penalties applied.

Currently before the Court are 39 First Amended Motions for Leave to File Notice of Election to Participate (Amended Motions), which

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

amended 39 Motions for Leave (Motions), filed by 39 individual minority interest partners (Objecting Nonparticipating Partners) of Crestlawn Investors, LLC (Crestlawn or petitioner). The Court will deny the Amended Motions because the Objecting Nonparticipating Partners have not made a substantial showing as to why they should be permitted to participate at this late stage of the litigation.

*Background*

The following facts are derived from the pleadings, the Motion papers, and the Exhibits and Declarations attached thereto. These facts are stated solely for the purpose of ruling on the Amended Motions before the Court and are not findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

Blomquist is a Georgia limited liability company (LLC) organized in January 2015. It is treated as a TEFRA partnership for federal income tax purposes.[2] Blomquist's principal place of business was in Georgia when the Petition in this case was filed.[3] Crestlawn is a Georgia LLC organized in December 2016 and Blomquist's tax matters partner (TMP).

Blomquist timely filed Form 1065, U.S. Return of Partnership Income, for the taxable year ending December 31, 2017. On its Form 1065 it claimed a $53,862,117 charitable contribution deduction related to the donation of a conservation easement encumbering 16.572 acres of property in Fulton County, Georgia, and $1,415,610 in other deductions. Blomquist claims that the pre-easement highest and best use of the 16.572-acre property was a cemetery. Respondent disallowed $53,830,000 of the deduction related to the conservation easement and $1,405,000 of other deductions. On February 22, 2021, respondent issued the FPAA to Crestlawn in its capacity as Blomquist's TMP. As set forth in the FPAA, respondent also determined a 40% gross valuation misstatement penalty pursuant to section 6662(h) for the conservation easement deduction, and a 20% accuracy-related penalty for an

---

[2] Before its repeal, the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71, governed the tax treatment and audit procedures for many partnerships, including Blomquist.

[3] Absent stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Eleventh Circuit. *See* § 7482(b)(1)(E). Thus, the Court will follow its precedent. *See Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

underpayment due to negligence or a substantial understatement of income tax under section 6662(a), (b)(1) and (2), (c), and (d) for the other deductions. Respondent also asserted various other 20% penalties in the alternative. The Objecting Nonparticipating Partners have not asserted that they did not receive a copy of the FPAA from Crestlawn's TMP or that they were otherwise unaware that the IRS issued Blomquist an FPAA for its taxable year 2017.

On May 20, 2021, in response to the FPAA, Crestlawn timely filed a Petition for Readjustment of Partnership Items Under Code Section 6226. None of the Objecting Nonparticipating Partners filed a notice of election to participate pursuant to section 6226(c) and Rule 245(b). Nor did any of them request leave to file a notice of election to participate out of time pursuant to section 6226(c) and Rule 245(c). The Objecting Nonparticipating Partners have not asserted that they were not aware that Crestlawn timely filed a Petition in this Court.

In a letter to petitioner's counsel dated January 17, 2024, respondent offered petitioner—the only participating partner[4]— a settlement proposal that would resolve this case. Respondent proposed (1) to disallow $53,830,000 of the charitable contribution deduction Blomquist claimed for its conservation easement donation, (2) to disallow $1,405,000 that Blomquist claimed as an "other deduction," (3) to allow an "other deduction" of $11,657,800, (4) to impose a section 6662(h) accuracy-related penalty of only 10% and concede the remaining penalties, and (5) to refrain from imposing the 2% of adjusted gross income floor under section 67 on the allowed "other deduction." On behalf of Blomquist, Crestlawn agreed with respondent's proposed settlement of this case by letter dated April 19, 2024.

On June 20, 2024, pursuant to Rule 248(b), respondent filed a Motion for Entry of Decision and attached a Proposed Decision reflecting the terms of the agreed settlement. In accordance with Rule 248(b)(1), the Motion for Entry of Decision states that Crestlawn "agrees to the entry of the proposed decision in this case, but [it] does not certify that no party objects to the granting of the Commissioner's Motion for Entry of Decision."

---

[4] "Participating partners are the partner who filed the petition and such other partners who have filed either a notice of election to intervene or a notice of election to participate in accordance with the provisions of Rule 245." Rule 247(b).

On August 19, 2024, Thomas Rousch, a partner of Crestlawn, timely filed a Motion for Leave to File Notice of Election to Participate and a Notice of Election to Participate pursuant to Rule 248(b)(4). Also on August 19, 2024, 38 additional partners of Crestlawn each filed a Motion for Leave to File Notice of Election to Participate and a Notice of Election to Participate.[5] The individual Motions and Notices filed by the 38 partners were filed with the Court as a single document, rather than separately filed. The Court determined that the Motions were timely filed but did not conform to the Court's Rules. Therefore, by Order dated September 6, 2024, the Court directed each Objecting Nonparticipating Partner to separately file a Motion for Leave to File a Notice of Election to Participate and to lodge therewith a separate Notice of Election to Participate.

On September 20, 2024, each Objecting Nonparticipating Partner filed anew a Motion for Leave to File Notice of Election to Participate, each lodging therewith a Notice of Election to Participate. The Motions indicate each Objecting Nonparticipating Partner is a "party" to this case, as defined by Rule 247 and section 6226(c), and "does not want to accept the . . . settlement and wishes to participate" pursuant to Rule 248(b)(4). The Motions do not address the procedural requirements for participation in a TEFRA case pursuant to Rules 245 and 248.

On December 6, 2024, after being granted an extension, respondent filed a Response to each Motion and a Memorandum of Law in Support of Respondent's Responses to Motions for Leave to File Notices of Election to Participate. Respondent argues that the Objecting Nonparticipating Partners did not "make a 'substantial showing' of their preparedness to litigate [this] case on the merits," noting that they "failed to address [the] factual and legal complexity [of this case] and

---

[5] The following individuals filed Motions for Leave to File Notice of Election to Participate at docket entry 24: Adam Silbiger, Anatoli Semenoff, Anthony Morell, Calvin Scott Akers, Christopher Brooker, Danniel Stites, Drea Besch, Erik Loesch, Edwin Yaeger, Eugene Bachini, Funda Bachini, James Daniel Fogarty, Jeffrey Morris, Jeffrey Sprout, Joel Jackson, John Struble, Julia May, Justin Garzone, Katherine Akers, Kevin L. Donahoe, Manan Shah, Mark Wimberly, Melissa Morell, Nathan Clark, Navjot Atwal, Neil Ortkiese, Nicholas May, Nicole Nadel, Rakesh Patel, Scott Drobes, Shailesh Patel, Shital Mehta, Thai Nguyen, Theresa Pagano, Thomas Scott Quinn, Timothy Pollock, Tri Minh Nguyen, and Kenneth Brian Hall. Petitioner represents that the following parties have joint ownership of their interests in Crestlawn: Calvin Scott Akers and Katherine Akers, Eugene Bachini and Funda Bachini, Nicholas May and Julia May, Anthony Morell and Melissa Morell, and Rakesh Patel and Navjot Atwal. *Ryan C. Pulver* represents the 39 Objecting Nonparticipating Partners and filed the Motions and Amended Motions on their behalf.

have not indicated any plan to prosecute the case accordingly." Respondent further asserts the Objecting Nonparticipating Partners have made no "substantial showing" that the Proposed Decision is "unreasonable or otherwise faulty."

Also on December 6, 2024, after being granted an extension, petitioner filed a Response to each Motion, a Memorandum of Law in Support of Responses to Motions, and a Declaration of Gregory P. Rhodes with Exhibits A through F (Rhodes Declaration). Petitioner argues that the Objecting Nonparticipating Partners have not stated a "substantial or legal basis why [r]espondent's Motion for Entry of Decision should be denied, why the settlement agreement is not suitable to them, why the [TMP] is not acting in their best interest with the settlement agreement that he agreed to, or any indication that any or all of them are prepared to 'litigate the case on the merits.'"[6]

On December 23, 2024, the Court ordered the Objecting Nonparticipating Partners to amend their Motions "to illustrate their *preparedness to litigate this case on the merits* and set forth *reasons why* respondent's Motion for Entry of Decision should not be granted or otherwise make a substantial showing for their Motions, if any."

On February 7, 2025, in response to the Court's Order to amend their Motions to make a substantial showing dated December 23, 2024, as supplemented on December 30, 2024, and January 3 and 22, 2025, each Objecting Nonparticipating Partner filed a First Amended Motion for Leave to File Notice of Election to Participate, each lodging therewith a Notice of Election to Participate. The Amended Motions again indicate that the Objecting Nonparticipating Partners do not want to accept the settlement and that they wish to participate pursuant to Rule 248(b)(4). The Amended Motions further represent that the Objecting Nonparticipating Partners "adopt[] all of the allegations set forth by [Blomquist] in the Tax Court [P]etition," that the Motion for Entry of Decision "does not adequately represent the position of" the Objecting Nonparticipating Partners, who wish to continue the case apart from Blomquist, that the Objecting Nonparticipating Partners are "prepared for this [c]ase to be set for trial in Atlanta, Georgia[,] and to go forward," and that the Objecting Nonparticipating Partners "understand[] that

---

[6] Petitioner's lead argument is that the Court should allow petitioner to continue with its settlement regardless of whether the Court grants the Objecting Nonparticipating Partners' Motions. Because the Court will deny the Amended Motions, the Court does not address this argument.

the Tax Court may render a decision that is worse for [them] than the settlement terms in the Motion for Entry of Decision." The Amended Motions do not address the procedural requirements for participation in a TEFRA case pursuant to Rules 245 and 248.

On March 3, 2025, respondent filed a Response to the Court's Order dated February 12, 2025, supplementing his Responses and supporting Memorandum, filed December 6, 2024, to address the Amended Motions filed February 7, 2025. Respondent reaffirms the objections set forth in respondent's Responses and supporting Memorandum, filed December 6, 2024, and further argues that the Amended Motions do not address the shortcomings of the Motions as originally filed.

Also on March 3, 2025, petitioner filed a Response to the Court's Order dated February 12, 2025, supplementing its Responses and supporting Memorandum, filed December 6, 2024, to address the Amended Motions filed February 7, 2025. Petitioner maintains the position it set forth in its Responses and supporting Memorandum, filed on December 6, 2024, again asserting that the Objecting Nonparticipating Partners have not provided independent statements showing their preparedness to litigate this case, and they have not demonstrated that the settlement terms are contrary to their interests.

On May 2, 2025, in response to the Court's Order dated March 19, 2025, directing the Objecting Nonparticipating Partners to respond to both petitioner's and respondent's substantive arguments regarding why the Court should deny the Motions, each Objecting Nonparticipating Partner filed a Response to Petitioner's Response to First Amended Motion for Leave to File Notice of Election to Participate and a Response to Respondent's Response to First Amended Motion for Leave to File Notice of Election to Participate. The Objecting Nonparticipating Partners argue that the Court should allow them to participate in this case because (1) they have a statutory right to participate, (2) they have adequately demonstrated their readiness to litigate this case, (3) the TMP lacks authority to bind them to the proposed settlement, (4) the indirect TMP, Eugene Pearson, is subject to a conflict of interest in entering the settlement agreement, and (5) an affiliate of petitioner communicated to the partners of another partnership that those partners who disagreed with a settlement similar to that in this case could "intervene or participate."

At the close of the taxable year ending December 31, 2017, Blomquist was owned by Crestlawn (97.711%), Blake Blomquist (1.289%), and Jennifer Blomquist (1%).[7] Petitioner represents that during taxable year 2017 Crestlawn had 146 partners. Each partner of Crestlawn, including each Objecting Nonparticipating Partner, was an indirect partner of Blomquist. *See* § 6231(a)(10). The Objecting Nonparticipating Partners collectively owned 21.915% of Crestlawn and, thus, 21.413% of Blomquist.[8] Therefore, the partners of Crestlawn who have not objected to respondent's Motion for Entry of Decision collectively own 78.085% of Crestlawn and 76.298% of Blomquist.[9]

## *Discussion*

I.   *An overview of TEFRA and related Tax Court Rules of Practice and Procedure*

Congress's goal in enacting TEFRA was to provide "a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner." *Boyd v. Commissioner*, 101 T.C. 365, 369 (1993) (quoting *Maxwell v. Commissioner*, 87 T.C. 783, 787 (1986)). Before the enactment of TEFRA, deficiency determinations involving items of income, loss, deduction, or credit of a partnership were made separately for each partner. *Maxwell*, 87 T.C. at 787. This caused administrative problems for the IRS, particularly in auditing returns of

---

[7] All ownership percentages stated in this Opinion are as of December 31, 2017, and rounded to the nearest thousandth.

[8] 21.915% × 97.711% = 21.413%. In their May 2, 2025, Court filings, the Objecting Nonparticipating Partners represented that they "collectively represent approximately 48% of the partnership interests in Crestlawn," and thus represent a substantial economic interest that seeks to litigate the substantive merits of the case. However, counsel for the Objecting Nonparticipating Partners has now informally represented to the Court that, upon further review of their ownership representation, the corrected amount of their collective ownership is approximately 22%. Petitioner's Rhodes Declaration included as Exhibit E a list of Crestlawn partners, which sets forth each partner's ownership interest in Crestlawn for the taxable year ending December 31, 2017. Exhibit E indicates that the Objecting Nonparticipating Partners collectively owned 21.915% of Crestlawn. The Court will treat Exhibit E as the correct ownership chart.

[9] 78.085% × 97.711% = 76.298%. On May 5, 2025, another partner of Crestlawn filed an untimely Motion for Leave to File Notice of Election to Participate (Late-Filing Partner). Even if the Court took this untimely Motion into consideration, the Late-Filing Partner owned only 0.519% of Crestlawn, with the remaining nonobjecting partners owning 77.566% of Crestlawn and 75.791% of Blomquist (77.566% × 97.711% = 75.791%).

partnerships with numerous partners. *Boyd*, 101 T.C. at 368–69. Because deficiencies related to partnership items were determined separately for each partner, two partners could have two different outcomes regarding the same partnership item, a settlement by one partner would not bind the other partners regarding the same partnership item, and similarly, judicial determination of a partnership item was generally conclusive only to the partner or partners that were parties to the proceeding. *See Maxwell*, 87 T.C. at 787. After TEFRA was enacted, a partner's tax liability relating to a partnership interest was no longer determined separately at the partner level. Rather, with exceptions not relevant here, Congress decided that the tax treatment of partnership items would be determined uniformly at the partnership level. § 6221. The partnership proceeding is then followed by separate collections from individual partners. *Goldberg v. Commissioner*, 73 F.4th 537, 539 (7th Cir. 2023), *aff'g* T.C. Memo. 2021-119.

When the IRS commences a partnership audit, it must mail to certain partners, including the TMP, a notice of the beginning of the administrative proceeding (NBAP). § 6223(a)(1). If the audit results in any adjustments to the partnership items, the IRS must provide an FPAA. § 6223(a)(2). The TMP must keep the partners informed of all administrative and judicial proceedings for the adjustment of partnership items at the partnership level. § 6223(g).

If a partnership holds an interest in the partnership with respect to which TEFRA proceedings are conducted, that partnership holding the interest is known as a "pass-thru partner." § 6231(a)(9). A person holding an interest in a partnership through one or more pass-thru partners is an "indirect partner." § 6231(a)(10). Within 30 days of receiving any IRS notice pursuant to section 6223(a), such as the NBAP or the FPAA, the pass-thru partner must forward a copy of that notice to the indirect partners. § 6223(h)(1). When the pass-thru partner is a partnership, the TMP of the pass-thru partner is responsible for forwarding the notices to the indirect partners. § 6223(h)(2).

To seek judicial review of an FPAA, a petition for a readjustment of the partnership items for the applicable taxable year must be timely filed in (1) the Tax Court, (2) the district court of the United States for the district in which the partnership's principal place of business is located, or (3) the U.S. Court of Federal Claims. § 6226(a). The resulting action will be "conducted in accordance with such rules of practice and procedure as may be prescribed by the Court in which the action is brought"—here, the Tax Court. § 6230(*l*).

Only the TMP may file a petition during the 90 days following the day the IRS mails the FPAA to the TMP. § 6226(a). If the TMP does not file a petition within that 90-day period, then any notice partner may file a petition during the 60-day period following the initial 90-day period. § 6226(b)(1). The TMP may intervene in any action brought under section 6226(b). § 6226(b)(6). If an action is brought by either the TMP or a notice partner with respect to a partnership for any partnership taxable year, then with exceptions not relevant here, each person who was a partner in that partnership at any time during that year, including an indirect partner, is a party to the action, and the court having jurisdiction over the action "shall allow each such person to participate in the action." §§ 6226(c), 6231(a)(2).

The TMP is the central figure during litigation proceedings such as these. *Comput. Programs Lambda, Ltd. v. Commissioner*, 89 T.C. 198, 205 (1987). The TMP "serves as the focal point for service of all notices, documents, and orders on the partnership" and "is required to keep all partners informed of the status of" the judicial proceedings. § 6223(g); *Comput. Programs Lambda*, 89 T.C. at 205. In executing his responsibilities the TMP acts as a fiduciary and must act on the partnership's behalf regardless of his personal posture. *Comput. Programs Lambda*, 89 T.C. at 205. Therefore, the TMP's actions during litigation proceedings are "plainly designed to affect the rights of all partners in the partnership." *Id.* at 205–06.

In 1984 the Tax Court issued Rules under Title XXIV, Partnership Actions, of the Tax Court Rules of Practice and Procedure, setting forth procedures for partnership actions under sections 6226 and 6228. Rule 244, Intervention and Participation, provided that a partner treated as a party to the action within the meaning of section 6226 could participate in the action by filing a notice of election to participate with the Court within 210 days from the date of mailing of the FPAA to the TMP. Rule 244(b)(1), 82 T.C. 1083 (amended 1988 and redesignated Rule 245). It also provided that the Court had the discretion to grant leave to a partner to file a notice of election to participate out of time upon a showing of sufficient cause. Rule 244(c), 82 T.C. 1084. The Notes to the 1984 Amendments to Rules of Practice and Procedure of the United States Tax Court provided an example of sufficient cause:

> [I]n an action for readjustment of partnership items, a motion for leave to file the notice out of time ordinarily will be granted where it is shown that the partner timely filed a notice of election to intervene or to participate in another

> action with respect to the same partnership and that such other action was dismissed (see Code Section 6226(b)(4)), if such motion is filed promptly after the dismissal of such other action.

Rule 244 note, 82 T.C. 1085; *see also Comput. Programs Lambda*, 89 T.C. 198 (granting partner leave to file an election to participate in the partnership action out of time pursuant to Rule 244(c), 82 T.C. 1084, when the action brought by the partner was dismissed pursuant to section 6226(b)(4)). The Rule also contemplated that the Court had the discretion to grant leave to file the notice out of time "upon *other showings of good cause.*" Rule 244 note, 82 T.C. 1085 (emphasis added).

In 1988 the Court revised its Rules, making substantive amendments to the Rules under Title XXIV. As relevant here, the Court added Rule 248, Settlement Agreements; added Rule 250, Appointment and Removal of the Tax Matters Partner; made significant revisions to Rule 241, Commencement of Partnership Action; and redesignated and made significant revisions to Rule 245, Intervention and Participation (originally designated Rule 244). Under the new Rule 245, the period in which a partner could elect to participate in an action without leave of the Court was changed to "90 days from the date of service of the petition by the Clerk on the Commissioner." Rule 245(b), 90 T.C. 1369. Rule 245(c), Enlargement of Time, was unchanged from former Rule 244(c), 82 T.C. 1084, still providing that "[t]he Court may grant leave to file . . . a notice of election to participate out of time *upon a showing of sufficient cause.*" Rule 245(c), 90 T.C. 1369 (emphasis added).

The Notes to the 1988 Amendments to Rules of Practice and Procedure of the United States Tax Court (Notes to the 1988 Amendments) explain that the amendment to Rule 245(b) was "designed to shorten the period of time between the filing of a petition and joinder of issue in partnership actions." Rule 245 note, 90 T.C. 1370. This was meant to "facilitate the calendaring of such actions for trial at an earlier date" and "also facilitate the determination of the period within which a notice of election . . . to participate . . . may be filed." *Id.* Rule 241, Commencement of Partnership Action, in turn, was amended to ensure that the TMP notifies every partner of the filing of a petition and provides the assigned docket number and the date the petition was served by the Clerk on the Commissioner, because "[t]he date on which the petition is served by the Clerk on the Commissioner commences the 90-day period within which notices of election may be filed without leave of Court." Rule 241 note, 90 T.C. 1367.

Rule 248, Settlement Agreements, was "intended to provide comprehensive procedures applicable to settlement agreements which may affect some or all of the parties to a partnership action." Rule 248 note, 90 T.C. 1374. Rule 248 contemplates three settlement postures. First, if the TMP can certify that no party objects to a stipulation consenting to entry of decision, then the procedures under Rule 248(a) apply. Second, if all participating partners have entered into a settlement agreement or consistent agreement with the Commissioner, or if no participating partner objects to the granting of the Commissioner's motion for entry of decision, and the TMP agrees to the proposed decision but cannot certify that no party objects to the granting of the Commissioner's motion, then the procedures under Rule 248(b) apply. Third, if the Commissioner reaches a settlement agreement with one or more, but not all participating partners, or one or more of the participating partners objects to the granting of the motion for entry of decision, then the procedures under Rule 248(c) apply.

Rule 248(b), the operative rule in this case, provides a mechanism for entry of decision if all participating partners (including the TMP, if the TMP is a participating partner) have either entered into a settlement or consistent agreement with the Commissioner or do not object to such settlement agreement, but the TMP cannot certify that no party objects to the entry of a decision consistent with the settlement agreement. In such a case the Commissioner shall file a motion for entry of decision and submit with the motion a proposed form of decision. Rule 248(b)(1). "Within 3 days from the date on which the Commissioner's motion for entry of decision is filed with the Court, the Commissioner shall serve on the [TMP] a certificate showing the date on which the Commissioner's motion was filed with the Court." Rule 248(b)(2). Then, within three days after receiving the Commissioner's certificate, the TMP shall serve on all other parties to the action other than the participating partners a copy of the motion, a copy of the proposed decision, a copy of the Commissioner's certificate, and a copy of Rule 248. Rule 248(b)(3). Settlement pursuant to Rule 248(b) then provides one final opportunity for a party to the action to seek leave to participate: Any party to the action who wishes to object to the granting of a motion for entry of decision under Rule 248(b) "*shall . . . file a motion for leave to file a notice of election*" to participate within 60 days from the date on which the motion for entry of decision is filed with the Court. Rule 248(b)(4) (emphasis added). The motion for leave must be accompanied by a separate notice of election to participate. *Id.*

Rule 248(b)(4) cross-references Rule 245, which sets forth the procedures for intervention and participation. Additionally, the Notes to the 1988 Amendments contemplate that a nonparticipating partner objecting pursuant to Rule 248(b)(4) *would have to make a substantial showing in order for the Court to grant their motion.*" Rule 248 note, 90 T.C. 1376 (emphasis added). Therefore, should a party wait until a motion for entry of decision is filed before requesting leave to file a notice of election to participate, the bar to participation out of time is even higher: A partner wishing to participate under Rule 248(b)(4) would need to provide a substantial showing for the Court to grant the motion for leave to file a notice of election to participate pursuant to that Rule, as compared to the sufficient cause required by Rule 245(c).

Finally, Rule 250 provides that "[a]fter notice and opportunity to be heard . . . the Court may for cause remove a partner as the [TMP]." Rule 250(b). The Notes to the 1988 Amendments indicate that the Rule recognizes that partnership litigation under Title XXIV requires that there be a functioning TMP, stating that the purpose of Rule 250 is "to guarantee the Court's involvement in insuring that there is a functioning [TMP] during the pendency of the partnership litigation." Rule 250 note, 90 T.C. 1378. "Rule 250(b) deals with the situation where the [TMP] is not functioning as such." *Id.* at 1379. The purpose of Rule 250(b) is to advise the parties that the Court may remove a TMP for cause. *Id.* Reasons for removing a TMP include (but are not limited to) "the incarceration of the [TMP] and a material breach of fiduciary duty by the [TMP]." *Id.*

II.     *Analysis*

A.      *A party that wishes to participate in a TEFRA action pursuant to section 6226 must comply with the Tax Court Rules of Practice and Procedure.*

The Objecting Nonparticipating Partners first argue they have a statutory right to participate in this case under section 6226(c). They assert that the statute "does not impose qualifications, special showings, or demonstrations of necessity," and therefore they have an absolute right to participate at any point, including at the last minute before a decision is entered.[10]

---

[10] In support of this assertion the Objecting Nonparticipating Partners cite caselaw that simply restates or summarizes the text of section 6226 and Rules 245(b)

The timeliness required to participate pursuant to section 6226 does not "impose qualifications, special showings, or demonstrations of necessity" on the right to participate. It does not alter the substantive rights of a party to participate in the action. Rather, it provides the appropriate procedures a party is required to follow, when an action is before this Court, if the party would like to participate pursuant to section 6226(c). *See* § 6230(*l*) ("Any action brought under any provision of this subchapter shall be conducted in accordance with such rules of practice and procedure as may be prescribed by the Court in which the action is brought.").

The U.S. Supreme Court and other federal courts have dealt extensively with an analogous question under Rule 24 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), relating to intervention. Like Rules 245(c) and 248(b)(4), Fed. R. Civ. P. 24 includes a timeliness requirement even when a statute provides an unconditional right to intervene.[11]

While Fed. R. Civ. P. 24 deals with intervention rather than participation, the difference between the two is not material to the issue

---

and 248(b). *See, e.g.*, *BCP Trading & Invs., LLC v. Commissioner*, 991 F.3d 1253, 1272 (D.C. Cir. 2021) ("If a tax case settles, Tax Court Rule 248 requires the Commissioner to move for entry of decision and the court to wait 60 days to see if a non-participating party objects to the settlement before issuing its decision." (citing Rule 248(b)(4))), *aff'g* T.C. Memo. 2017-151; *Columbia/St. David's Healthcare Sys. LP v. Commissioner*, No. 00-60813, 2001 WL 822471, at *3 (5th Cir. June 19, 2001) ("Any partner who satisfies the requirements of [section] 6226(d) 'may participate in the action by filing a notice of election to participate with the Court.'" (quoting Rule 245(b))); *Davenport Recycling Assocs. v. Commissioner*, 220 F.3d 1255, 1257 n.6 (11th Cir. 2000) ("Under [s]ection 6226(c), any partner with an interest in the outcome of the proceeding is entitled to participate in an action brought by the TMP or a notice partner, thereby ensuring that all partners may litigate a dispute with the IRS in a single proceeding."), *aff'g* T.C. Memo. 1998-347. None of the cases cited by the Objecting Nonparticipating Partners indicates that a party has an absolute right to participate in a case at the last moment before a decision is entered without a substantial showing as to why the party should be permitted to participate at such a late stage in the litigation.

[11] Fed. R. Civ. P. 24 provides the following, in relevant part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

of timeliness. Intervention is defined as "[t]he entry into a lawsuit by a third party who, despite not being named a party to the action, has a personal stake in the outcome." *Intervention*, *Black's Law Dictionary* (12th ed. 2024). Under TEFRA, a partner eligible to participate under section 6226(c) *is* a party to the action. Therefore, rather than intervening, the partner would simply be participating in the action. In either case a third party or a party is attempting to actively take part in the action, and the timeliness requirement ensures judicial economy and limits prejudice to the existing parties or participating partners.

Additionally, federal courts apply Fed. R. Civ. P. 24(a) in deciding whether to allow a party to participate pursuant to section 6226 in a partnership action in district court. *See* § 6230(*l*). In so doing, they consider whether a motion to participate is timely under that rule. *See, e.g.*, *Twenty-Two Strategic Inv. Funds v. United States*, No. C 05-2835, 2005 WL 3369998 (N.D. Cal. Dec. 12, 2005) (finding that a motion to participate pursuant to section 6226 filed within three months from the date the TMP filed the petition was timely pursuant to Fed. R. Civ. P. 24(a) because the proceeding was still at a relatively early stage, the other parties did not raise any claims of prejudice, and there was not a lengthy delay). Thus, federal caselaw analyzing the application of Fed. R. Civ. P. 24 is illustrative in examining the requirements of Rules 245(c) and 248(b)(4).

The U.S. Supreme Court and other federal courts, including the Eleventh Circuit, have recognized there are temporal limits on unconditional statutory rights to intervene under Fed. R. Civ. P. 24. *See, e.g.*, *NAACP v. New York*, 413 U.S. 345, 365 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied."); *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970) ("It is true, of course, that an application for intervention, whether as a matter of right or permissive, must in every case be timely . . . .");[12] *Chimney Rock Holdings, LLC v. Commissioner*, T.C. Memo. 2025-39, at *8–9 (collecting cases). Rules 245(c) and 248(b) provide similar temporal limits.

---

[12] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the U.S. Court of Appeals for the Fifth Circuit handed down before the close of business on September 30, 1981.

While a motion to intervene under Fed. R. Civ. P. 24 must always be analyzed for timeliness, Rule 245(b) provides parties to the action with 90 days from the date the petition is served on the Commissioner to file a notice of election to participate without leave of Court. Thus Rule 245(b) is less restrictive than Fed. R. Civ. P. 24. If a party wants to participate after the initial 90 days have passed, then the party must provide sufficient cause for filing the election out of time. The sufficient cause requirement promotes judicial efficiency by ensuring that all participating partners are identified at the start of the action. Otherwise, partners who are negligent in protecting their interests from the start could jump in at a later stage, after substantial progress has already been made by those parties who exercised diligence in protecting their rights. The even higher bar of the substantial showing required under Rule 248(b) is necessary to ensure that nonparticipating partners do not stand by and let others do the work, and then "swoop in at the last minute and disrupt proposed settlements of cases involving TEFRA entities, which often involve . . . complex and time-consuming issues." *Chimney Rock Holdings*, T.C. Memo. 2025-39, at \*10–11.

The Objecting Nonparticipating Partners are correct that they have a statutory right to participate in this case under section 6226(c). Rule 245(b) afforded them the right to participate without "qualifications, special showings, or demonstrations of necessity." The Objecting Nonparticipating Partners did not avail themselves of that right. Nor did they attempt to participate out of time pursuant to Rule 245(c), although they had three years to do so.

Instead, the Objecting Nonparticipating Partners waited until the last minute before a decision was entered before attempting to participate in this case, claiming that section 6226(c)(2) provides them with an absolute right to participate, regardless of this Court's Rules. As this Court has previously held, section 6226(c)(2) does not give nonparticipating partners the absolute right to participate at this stage of the litigation. *Chimney Rock Holdings*, T.C. Memo. 2025-39, at \*11. Rather, when nonparticipating partners request leave to file an election to participate pursuant to Rule 248(b)(4) they "must make a substantial showing as to why they should be permitted to participate." *Chimney Rock Holdings*, T.C. Memo. 2025-39, at \*11; *see also Oceanic Leasing v. Commissioner*, T.C. Memo. 1996-458, slip op. at 15 (denying a motion for leave to file a notice of election to participate because it "did not set forth any independent statements to show [the partner's] preparedness to litigate the case on the merits or reasons why [the Commissioner's] Motion for Entry of Decision should not be granted").

B.  *The Objecting Nonparticipating Partners did not make a substantial showing.*

Timeliness in the context of Fed. R. Civ. P. 24 requires prompt action upon discovery of circumstances that necessitate intervention to protect the intervenor's interests. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395–96 (1977) ("The critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly . . . ."). Similarly, the Tax Court has previously found that a party made a substantial showing for leave to file a notice of election to participate pursuant to Rule 248(b) when the proposed decision submitted with the Commissioner's motion for entry of decision, or other circumstances surrounding the settlement agreement, indicated that the TMP may not have protected the party's interests or otherwise breached his fiduciary duties during the negotiations culminating in the motion for entry of decision. Thus, in those cases, the parties requesting leave to file notices of election to participate pursuant to Rule 248(b) acted promptly upon discovery that the TMP was not protecting their interests. *See, e.g.*, Order, *Gramercy Fin. Grp. LLC v. Commissioner*, No. 25740-17 (T.C. Nov. 6, 2019) (order granting an objecting party's motion for leave to file a notice of election to participate and denying a motion for entry of decision under Rule 248(b) when the proposed settlement, which was negotiated and agreed upon by the TMP and another participating partner, included the recharacterization of a $16 million partnership expense as a $13.6 million distribution to be allocated to the objecting party—a concession by the TMP that negatively affected the objecting party but not the TMP, suggesting the TMP was not protecting the objecting party's interests); Order, *Long Leaf Prop. Holdings, LLC v. Commissioner*, No. 11982-16 (T.C. July 23, 2021) (order denying a motion for entry of decision and granting motions for leave to file a notice of election to participate pursuant to Rule 248(b) filed by two partners, who together held 99% of the partnership interest, where the TMP had conceded the case in full, represented that he intended only to settle his de minimis interest in the partnership, and represented that he agreed to the settlement to trigger Rule 248(b) and transfer the responsibility of litigating the case to the objecting partners).[13]

---

[13] The Objecting Nonparticipating Partners argue that *Long Leaf* "strongly supports" their "right to participate," because it was a "remarkably similar situation" to the one in this case. The Court disagrees. None of the facts of *Long Leaf* appears in

In support of their assertion that they have made a substantial showing as to why they should be permitted to participate in this case pursuant to Rule 248(b)(4), the Objecting Nonparticipating Partners argue that they have adequately demonstrated their readiness to litigate the case. The Objecting Nonparticipating Partners state that they have retained experienced tax counsel, formed a special purpose LLC to coordinate the logistics and financing of the litigation, timely filed their Notices of Election to Participate,[14] explicitly stated their objection to the proposed settlement as inadequate, acknowledged and accepted the risks of litigation, demonstrated their readiness to proceed to trial, and engaged qualified experts who will testify regarding the proper valuation of the conservation easement.

Although the Objecting Nonparticipating Partners have described actions they have taken in preparation to litigate this case, they have not alleged that the terms of the settlement are unreasonable or otherwise made any argument regarding the substantive facts of the case. They have merely stated that they desire to continue this case apart from the partnership because the Motion for Entry of Decision does not adequately represent their position, they do not want to accept the settlement, and they wish to participate. There is no indication that the Objecting Nonparticipating Partners have any evidence to show that the settlement amount is unreasonable, especially considering that a potential 40% penalty has been reduced to 10%, the partners have been permitted an increase in their Other Deductions, and each partner's share of the Other Deductions will not be reduced by 2% of such partner's adjusted gross income through operation of section 67. Additionally, the proposed settlement will avoid the cost of continuing this litigation, potentially through trial.

The Objecting Nonparticipating Partners argue that Crestlawn lacks the authority to bind them to the proposed settlement. They assert

---

this case. Crestlawn has represented that it entered into the settlement agreement on behalf of Blomquist, and the Objecting Nonparticipating Partners make up only 21.413% of Blomquist. Further, Crestlawn did not make "a full concession of the case." Rather, the settlement provides for an $11,657,800 deduction and a 10% (rather than a 20% or a 40%) penalty; and it further provides that the allowed deduction would not be subject to the 2% of adjusted gross income floor under section 67. *Long Leaf* does not support granting the Objecting Nonparticipating Partners' Amended Motions.

[14] The Objecting Nonparticipating Partners timely filed their Motions for Leave to File Notice of Election to Participate in this case. The Notices of Election to Participate are not filed but are currently lodged with the Court pending the outcome of the Amended Motions.

that there are questions as to the "existence of majority partner consent for the settlement." They state that they believe Mr. Pearson, as TMP of Crestlawn, "improperly counted [nonresponsive] votes as affirmative votes when seeking partnership approval for the settlement." This leads them to speculate that Mr. Pearson may not have received consent to settle this case.

The Objecting Nonparticipating Partners do not provide any evidence that Mr. Pearson counted nonresponsive votes as affirmative votes. Nor do they specify the number of purportedly nonresponsive votes that Mr. Pearson counted as affirmative. Considering that the Objecting Nonparticipating Partners collectively hold only 21.915% of Crestlawn and that approximately 78% of Crestlawn's partners have not objected to the proposed settlement in this case, the Court finds this argument unpersuasive. The assertion that Mr. Pearson did not obtain consent from a majority of the partners is based on speculation and statements that are unsupported by evidence. The argument that Crestlawn lacks the authority to bind the Objecting Nonparticipating Partners to the proposed settlement does not constitute a substantial showing. Further, a motion for entry of decision pursuant to Rule 248(b) does not state a requirement of consent by the majority of the partners, only that the TMP agreed to the proposed decision but did not certify that no partner objected to it.

The Objecting Nonparticipating Partners next argue that the TMP of Crestlawn, Mr. Pearson, is subject to a conflict of interest in entering into the settlement agreement. They assert that Mr. Pearson has been the subject of a Senate Finance Committee investigation regarding conservation easements, and that he was, and may still be, subject to an IRS criminal investigation. They further assert that he was directly involved in another conservation easement transaction in which the Commissioner imposed the civil fraud penalty. Other than referencing this Court's memorandum opinion in *North Donald LA Property, LLC v. Commissioner*, T.C. Memo. 2023-50, the Objecting Nonparticipating Partners provide no evidence to support their assertions. The *North Donald* memorandum opinion does not mention Mr. Pearson, and it does not substantively address the civil fraud penalty asserted in that case. Rather, it holds that the Commissioner obtained supervisory approval to assert various penalties, including the civil fraud penalty under section 6663, in compliance with section 6751(b). *N. Donald LA Prop.*, T.C. Memo. 2023-50, at *14.

An investigation into a TMP will not automatically disqualify a TMP from negotiating and entering into a settlement agreement with the IRS. *See Madison Recycling Assocs. v. Commissioner*, 295 F.3d 280, 288–89 (2d Cir. 2002) (citing *Phillips v. Commissioner*, 114 T.C. 115, 132 (2000), *aff'd*, 272 F.3d 1172 (9th Cir. 2001)), *aff'g* T.C. Memo. 2001-85; *Phillips*, 114 T.C. at 132 ("[T]he mere existence of an investigation [targeting the TMP does not, in and of itself,] subvert a tax matters partner's judgment and bend him to the government's will in dereliction of his fiduciary duties to his partners." (quoting *Olcsvary v. United States* (*In re Olcsvary*), 240 B.R. 264, 267 (E.D. Tenn. 1999))).

To support their conflict-of-interest argument, the Objecting Nonparticipating Partners rely on *Transpac Drilling Venture 1982-12 v. Commissioner*, 147 F.3d 221 (2d Cir. 1998), *rev'g and remanding* T.C. Memo. 1994-26. In *Transpac* the TMPs of various related partnerships signed period of limitation extensions. The U.S. Court of Appeals for the Second Circuit found the extensions invalid because the TMPs had conflicts of interest at the time they signed the extensions on behalf of the partnerships. Not only were the TMPs under criminal investigation, but they had turned government witnesses in exchange for immunity or reduced sentences. Additionally, the IRS had initially approached the individual partners to request extensions but almost all had declined. It was then that the IRS sought extensions from the TMPs, knowing that the partners for whom the TMPs were purporting to act had affirmatively declined to agree to extend the periods of limitations.

The salient facts of *Transpac* are not present in this case. There is no evidence that Mr. Pearson has agreed to become a government witness in exchange for immunity or reduced sentencing, or that he has otherwise agreed to the settlement in exchange for some benefit to himself. Nor does the record provide any evidence to suggest that Mr. Pearson agreed to a settlement that most of Crestlawn's owners had previously affirmatively rejected. The Objecting Nonparticipating Partners have not shown that there is any reason to believe the settlement agreement between Crestlawn and the IRS was influenced by any investigation or that another case has in any way influenced the TMP's decision to agree to the settlement. The assertion that Mr. Pearson was operating under a conflict of interest is not supported by any concrete facts or supporting documentation and amounts to mere speculation about the possibility of a conflict.

Further, the Objecting Nonparticipating Partners have not shown that this alleged conflict was recently discovered. In fact, in

support of their assertions they reference a Senate Finance Committee investigation. The Senate Finance Committee published a report of this investigation in August 2020—*four years before* the Objecting Nonparticipating Partners filed their Motions in this case, and *eight months before* the Petition was filed in this case. Staff of S. Comm. on Fin., 116th Cong., *Syndicated Conservation-Easement Transactions* (Comm. Print 2020). They also reference the *North Donald* memorandum opinion, which was filed on April 18, 2023—*16 months before* the Objecting Nonparticipating Partners filed their Motions in this case.

The Senate Finance Committee report was published *before* the Petition was filed in this case. If the partners were concerned that Mr. Pearson had a conflict of interest because of the Senate Finance Committee investigation, they were free to file notices of election to participate within 90 days of the date the Clerk served the Petition on respondent. *See* Rule 245(b). Additionally, the Court's Rules provide nonparticipating partners with at least two ways to ensure their interests are protected should they discover that a TMP has a potential conflict of interest after a petition has been filed and the period for filing a notice of election to participate has passed: (1) move the Court to remove the TMP for cause pursuant to Rule 250(b) or (2) file a motion for leave to file a notice of election to participate out of time under Rule 245(c). The Objecting Nonparticipating Partners did not avail themselves of any of these options, suggesting they were not concerned that the purported conflict of interest would render Mr. Pearson unable to represent their interests.

Finally, the Objecting Nonparticipating Partners argue that an affiliate of petitioner communicated to the partners of the affiliate that those who disagreed with a settlement similar to that in this case could "intervene or participate." In support of this argument, the Objecting Nonparticipating Partners provide a letter dated February 10, 2025, to "The Members of Walker Church Greene 819, LLC and 830 Oconee, LLC," and signed by "Eugene E. Pearson, Jr." But the letter does not state that the partners who disagreed with the settlement in that case could "intervene or participate." Rather, the letter states that "[i]f you do not agree with the settlement and wish to continue the case before the Tax Court, you have the right to *file a motion for leave* to file a notice of election to intervene or participate." (Emphasis added.) The letter, consistent with Rule 248(b), explains that the partners have a *right to file a motion for leave*—the exact action taken by the Objecting Nonparticipating Partners in this case.

III.    *Conclusion*

While the Objecting Nonparticipating Partners assert that they stand ready and financially able to litigate this case on the merits, they provide no reason for their delay. They did not participate pursuant to Rule 245(b) or request leave to participate out of time pursuant to Rule 245(c). Instead, they were content to let the TMP negotiate a resolution to the case, and only when they were unhappy with that resolution did they attempt to come forward.

Further, they have provided no reason to believe the TMP was neglecting the interests of the partners to the benefit of the TMP, or that the TMP otherwise breached its fiduciary duty to the partnership. The TMP reached an agreement with respondent to settle this case, with both parties making concessions. The settlement does not result in a better or worse position for one or more partners as compared to one or more other partners. All the partners will bear the result of the settlement in proportion to their ownership interests.

Therefore, the Court holds that the Objecting Nonparticipating Partners have not made a substantial showing as to why they should be permitted to participate pursuant to Rule 248(b)(4). The Court will deny the Amended Motions filed by the Objecting Nonparticipating Partners.

The Court has considered all arguments made, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

*An appropriate order will be issued*.